# ATTACHMENT A

# PANAMA

Treaty providing for the extradition of criminals.
Signed at Panama May 25, 1904; entered into force May 8, 1905.

34 Stat.2851; TS 445; 10 Bevans 673.

Exhibit "A"



U.S EXTRADITION TREATIES

## EXTRADITION

*Treaty signed at Panama May 25, 1904*
*Ratified by Panama May 25, 1904*
*Senate advice and consent to ratification January 6, 1905*
*Ratified by the President of the United States January 20, 1905*
*Ratifications exchanged at Panama April 8, 1905*
*Entered into force May 8, 1905*
*Proclaimed by the President of the United States May 12, 1905*

*34 Stat.2851; Treaty Series 445*

TREATY BETWEEN THE UNITED STATES OF AMERICA AND THE REPUBLIC
OF PANAMA, PROVIDING FOR THE EXTRADITION OF CRIMINALS

The United States of America and the Republic of Panama, being desirous to confirm their friendly relations and to promote the cause of justice, have resolved to conclude a treaty for the extradition of fugitives from justice between the United States of America and the Republic of Panama, and have appointed for that purpose the following Plenipotentiaries:—The President of the United States of America, William W. Russell, Charge'd'Affaires ad interim of the United States in Panama, and the President of the Republic of Panama, Tomas Arias, Secretary of Government of Panama.

Who, after having communicated to each other their respective full powers, found in good and due form, have agreed upon and concluded the following articles:

### ARTICLE I

The Government of the United States and the Government of the Republic of Panama mutually agree to deliver up persons who, having been charged with or convicted of any of the crimes and offenses specified in the following article, committed within the jurisdiction of one of the contracting parties, shall seek an asylum or be found within the territories of the other: Provided, that this shall only be done upon such evidence of Criminality as, according to the laws of the place where the fugitive or person so charged shall be found, would justify his or her apprehension and commitment for trial if the crime or offense had been there committed.

### ARTICLE II

Extradition shall be granted for the following crimes and offenses:



1.  Murder, comprehending assassination, parricide, infanticide and poisoning; attempt to commit murder; manslaughter, when voluntary.
2.  Arson.

2

PANAMA

3. Robbery, defined to be the act of feloniously and forcibly taking from the person of another money, goods, documents or other property by violence or putting him in fear; burglary.

4. Forgery, or the utterance of forged papers; the forgery or falsification of official acts of Government, of public authorities, or of courts of justice, or the utterance of the thing forged or falsified.

5. The counterfeiting, falsifying or altering of money, whether coin or paper, or of instruments of debt created by national, state, provincial, or municipal governments, or of coupons thereof, or of bank notes or the utterance or circulation of the same; or the counterfeiting, falsifying or altering of seals of state.

6. Embezzlement by public officers; embezzlement by persons hired or salaried, to the detriment of their employers; where in either class of cases the embezzlement exceeds the sum of two hundred dollars; larceny.

7. Fraud or breach of trust by a bailee, banker, agent, factor, trustee, or other person acting in a fiduciary capacity, or director or member or officer of any company, when such act is made criminal by the laws of both countries and the amount of money or the value of the property misappropriated is not less than two hundred dollars.

8. Perjury; subornation of perjury.

9. Rape; abduction; kidnapping.

10. Wilful and unlawful destruction or obstruction of railroads which endangers human life.

11. Crimes committed at sea.
(a) Piracy, by statute or by the laws of nations.
(b) Revolt, or conspiracy to revolt, by two or more persons on board a ship on the high seas against the authority of the master.
(c) Wrongfully sinking or destroying a vessel at sea, or attempting to do so.
(d) Assaults on board a ship on the high seas with intent to do grievous bodily hard.

12. Crimes and offenses against the laws of both countries for the suppression os slavery and slave trading.

13. Bribery, defined to be the giving, offering or receiving of a reward to influence one in the discharge of legal duty.

Extradition is also to take place for participation in any of the crimes and offenses mentioned in this Treaty, provided such participation may be punished, in the United States as a felony, and in the Republic of Panama by imprisonment at hard labor.

## ARTICLE III

Requisitions for the surrender of fugitives from justice shall be made by the diplomatic agents of the contracting parties, or in the absence of these from the country or its seat of government, may be made by the superior Consular Officers.

3

U.S EXTRADITION TREATIES

If the person whose extradition is requested shall have been convicted of a crime or offense, a duly authenticated copy of the sentence of the court in which he was convicted, or if the fugitive is merely charged with a crime, a duly authenticated copy of the warrant of arrest in the country where the crime has been committed, and of the depositions or other evidence upon which such warrant was issued, shall be produced.

The extradition of fugitives under the provisions of this Treaty shall be carried out in the United States and in the Republic of Panama, respectively, in conformity with the laws regulating extradition for the time being in force in the state on which the demand for surrender is made.

## ARTICLE IV

When the arrest and detention of a fugitive are desired on telegraphic or other information in advance of the presentation of formal proofs, the proper course in the United States shall be to apply to a judge or other magistrate authorized to issue warrants of arrest in extradition cases and present a complain on oath, as provided by the statutes of the United States.

When, under the provisions of this article, the arrest and detention of a fugitive are desired in the Republic of Panama, the proper course shall be to apply to the Foreign Office, which will immediately cause the necessary steps to be taken in order to secure the provisional arrest or detention of the fugitive. The provisional detention of a fugitive shall cease and the prisoner be released if a formal requisition for his surrender, accompanied by the necessary evidence of his criminality has not been produced under the stipulations of this Treaty, within two months from the date of his provisional arrest or detention.

## ARTICLE V

Neither of the contracting parties shall be bound to deliver up its own citizens or subjects under the stipulations of this Treaty.

## ARTICLE VI

A fugitive criminal shall not be surrendered if the offense in respect of which his surrender is demanded be of a political character, or if he proves that the requisition for his surrender has, in fact, been made with a view to try or punish him for an offense of a political character. No person surrendered by either of the high contracting parties to the other shall be triable or tried, or be punished, for any political crime or offense, or for any connected therewith, committed previously to his extradition. If any question shall arise as to whether a case comes within the provisions of this article, the decision of the authorities of the government on which the demand for surrender is made, or which may have granted the extradition, shall be final.



4

 PANAMA

## ARTICLE VII

Extradition shall not be granted, in pursuance of the provisions of this Treaty if legal proceedings or the enforcement of the penalty for the act committed by the person claimed has become barred by limitation, according to the laws of the country to which the requisition is addressed.

## ARTICLE VIII

No person surrendered by either of the high contracting parties to the other shall, without his consent, freely granted and publicly declared by him, be triable or tried or be punished for any crime or offense committed prior to his extradition, other than that for which he was delivered up, until he shall have had an opportunity of returning tot he country from which he was surrendered.

## ARTICLE IX

All the articles seize which are in the possession of the person to be surrendered at the time of his apprehension, whether being the proceeds of the crime or offense charged, or being material as evidence in making proof of the crime or offense, shall, so far as practicable and in conformity with laws of the respective countries, be given up when the extradition takes place. Nevertheless, the rights of third parties with regard to such articles shall be duly respected.

## ARTICLE X

If the individual claimed by one of the high contracting parties, in pursuance of the present Treaty, shall also be claimed by one or several other powers on account of crimes or offenses committed within their respective jurisdictions, his extradition shall be granted to the State whose demand is first received:  Provided, that the government from which extradition is sought is not bound by treaty to give preference otherwise.

## ARTICLE XI

The expenses incurred in the arrest, detention, examination, and delivery of fugitives under this Treaty shall be borne by the State in whose name the extradition is sought:  Provided, that the demanding government shall not be compelled to bear any expense for the services of such public officers of the government from which extradition is sought as receive a fixed salary; and, provided, that the charge for the services of such public officers as receive only fees or perquisites shall not exceed their customary fees for the acts or services performed by them had such acts or services been performed in ordinary criminal proceedings under the laws of the country of which they are officers.

5

U.S EXTRADITION TREATIES

## ARTICLE XII

The present Treaty shall take effect on the thirtieth day after the date of the exchange of ratifications, and shall not operate retroactively. The ratifications of the present Treaty shall be exchanged at Washington or at Panama as soon as possible, and it shall remain in force for a period of six months after either of the contracting Governments shall have given notice of a purpose to terminate it.

IN WITNESS WHEREOF, the respective Plenipotentiaries have signed the above articles, both in the English and Spanish languages, and have hereunto affixed their seals.

DONE in duplicate at the city of Panama on the twenty fifth day of May in the year of our Lord nineteen hundred and four.

W.W. RUSSELL    [SEAL]
THOMAS ARIAS    [SEAL]

6