# ATTACHMENT A

679

3

Republic Of Panama

General Comptrollership of the Republic of Panama


AUDIT REPORT NO.03-003-2015-DIAF

NATIONAL AID PROGRAM

(PROGRAMA DE AYUDA NACIONAL-PAN)

RELATED TO THE ACQUISITION, RECEIPT, PAYMENT AND
CUSTODY PROCESS OF THE TECHNOLOGICAL EQUIPMENT,
ACQUIRED THROUGH CONTRACT NO.45/2010, SIGNED BY MR.
GIACOMO TAMBURELLI, FORMER DIRECTOR OF THE NATIONAL
AID PROGRAM (PROGRAMA DE AYUDA NACIONAL-PAN) WITH
THE ISRAELI COMPANY M.L.M. PROTECTION LTD., FOR THE
"PROVISION OF TECHNOLOGICAL EQUIPMENT, INSTALLATION,
TRAINING AND MAINTENANCE SERVICE, FOR US$13,475,000.00.


VOLUME I

Investigations and Forensic Auditing National Directorate

RAMB000687

*680*

4

# INDEX

Exhibition Note ...........................................................1

I.  RECITAL.......................................................... 6

1.1.Title Report.................................................... 6

1.2. Period covered................................................ 6

1.3. Scene......................................................... 6

1.4. Order of Investigation ......................................6

1.5. Nature of the report.......................................... 6

II. EVALUATION OF THE INTERNAL CONTROL STRUCTURE ......7

2.1. Limitation on obtaining the documentation related with the project No.46429, formalized by contract No.045/2010.............................. 7

2.2.  Absence of an application that supports the presentation of the "Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof on the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS)...................................... 9

2. 3. Changes in the title of the project submitted and approved by Resolution No.020/2010 by the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS)...................................11

2.4. Inconsistencies in direct invitation made to the Company M.I.M. PROTECTION LTD................................................. 13

2.5. Inconsistencies in the performance bond submitted by the Company M.L.M. PROTECTION LTD. ...................................16

RAMB000688

681

5

2.6. Absence of reports that prove the installation, training and final delivery of the Technological Equipment and Services..........................…..... 18

2.7. Absence of a research or evaluation of the proposal submitted by the Company M.L.M. PROTECTION LTD..............................................…..20

2.8. Lack of a credit transfer authorized by the Ministry of Economics and Finances, for transfer of payments of Contract No.045/2010, to the company NUNVAV, INC.....................................…...................................... 21

III. DESCRIPTION OF THE ACT AND AMOUNT INVOLVED.......... 24

IV. RELATION OF THE EVENTS...............................................24

4.1 Origin of the Audit........................................................ 24

4.2. Project Application ................................................…........25

4.2.1. Special Meeting of the Board of Directors of the Fund   … (Text Missing)… Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof" in the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS) .............................28

4.3 Project Processing.............................................................28

4.3.1 Direct Invitation............................................................ 28

4.3.1.1 Bidders Registry...............................…........................29

4.3.1.2 Requirements and Conditions in the Direct Invitation...............:... 30

4.3.2 List of Charges and Technical Specifications of the Project No.46429 .......................................................................30

RAMB000689

682

6

4.3.3  Presentation of Proposal………………………………………… 31

4.3.4  Minutes of Delivery Proposal……………………………….…… 33

4.4.  Minutes of Awarding…………………………………….……..….. 34

4.4.1 Budget Items …………………………………………………….34

4.4.2 Resolution of Awarding………………………………………… 36

4.4.3 Advanced Payment and Performance Bond………………………... 36

4.4.4    Contract Development…………………………………………37

4.4.4.1 Review and Endorsement of the Contract No.045/2010, by

the General Comptrollership…………………………………………38

4.4.5 Contract No. 045/2010……………………………………… 41

4.5 Phases of execution of the Contract No.045/2010…..……………… 44

4.5.1 Notice to Proceed and Advanced Payment ………..……………44

4.5.2 Receipt of the Technical Equipment by the company

M.L.M. PROTECTION LTD…………..………………………….46

4.5.2.1 Documentation Seguros Suramericana, today Seguros Sura …..…48

4.5.2.2 Documentation of the Ministry of the Presidential Office……….48

4.5.3  Receipt Payment of  the Technological Equipment ……………....50

4.5.4 Acceptance of the Product and Installation services and Training

of the Technological Equipment…………………………………… 51

RAMB000690

683

7

4.5.4.1 Documentation of the Prosecution Office Specialized in

Organized Crime........................................................ 52

4.5.4.2 Documentation of the National Directorate of Audit of the General

Comptrollership of the Republic...................................... 54

4.5.5 Payment for the Acceptance of Product and the Installation and Training

Services............................................................. 56

4.6 Custody of the Technological Equipment............................... 59

Start, Movement and Termination of Functions..........................60

Notes of Subpoena.................................................... 66

Replies to the Communication Notes...................................68

V.  IDENTIFICATION OF THE PARTIES  LINKED.......................79

RAMB000691

684

8

Republic of Panama

General Comptrollership of the Republic of Panama

Panama May 4, 2015

Mr. FEDERICO A. HUMBERT
Comptroller General

Mr. Comptroller:

We present the Audit Report No.03-003-2015-DIAF, related to the acquisition process, receipt, payment and custody of the technological equipment, acquired through contract No.45 / 2010, signed by Mr. Giacomo Tamburelli, former Director of the National Aid Program (Programa de Ayuda Nacional-PAN) with the Israeli company M.L.M. PROTECTION LTD., for the "Provision of technological equipment, installation, training and maintenance Services", for US$13,475,000.00.

This audit was authorized by Resolution No.24-2015-DIAF of January 15, 2014, in reply to the Written Communications No.FGC-DS-455-2014 of December 18, 2014 of the General Prosecution of Auditors and No. 077-15 of January 2, 2015, of the Second Anti-Corruption Prosecution Office of the Attorney General's Office of the Nation.

The audit was focused on whether there were irregular dealings in the process of acquisition, receipt, payment and custody of the technological equipment purchased through the contract No.045/2010.

This audit was performed according to the rules, procedures and techniques relevant to the auditing; as well as applicable laws, including those audit tests

RAMB000692

685

9

that are important in the circumstances, in order to carry out the provision of the Resolution that ordered it and consisted in the checking of internal controls and procedures for the acquisition, management, receipt, assignment, custody and payment of technological equipment acquired by the National Aid Program (Programa de Ayuda Nacional-PAN).

As a result of the audit, we determine irregularities in the provision of technological equipment and installation, training and maintenance services namely:

- Absence of an application or formal note that supports the submission of the project called "Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof".
- Inconsistency in the presentation of the bond from the supplier company of the equipment.
- Absence of reports that prove the installation, training, and final delivery of the technological equipment and services.
- Absence of a research or evaluation report of the proposal submitted by the Company M.L.M.PROTECTION LTD.

It should be noted that in the course of the audit we had limitations in obtaining some documents from the files of the National Aid Program (Programa de Ayuda Nacional- PAN), related to the Contract No.045/2010, such as:

• Documentation presented to the members of the Board of Directors for consideration and approval at the meeting of May 19, 2010, which contains

68ll

10

the information needed to support the application, formulation, objectives and financing of the Project No. 46429.

• List of Charges and Technical Specifications of the Project No.46429.

• Proposal submitted by the company M.L.M. PROTECTION LTD, to the Social Investment Fund (Fondo de Inversión Social-FIS).

• Minutes of opening of envelopes.

• Order to proceed, among others.


A direct invitation to the company M.L.M. PROTECTION LTD. was extended without having the same registered in the Bidders Registry, therefore, the said company should have not been invited to bid; as well as, said invitation did not present the requirements and demands of the required equipment and services to be procured; because it was a technological equipment with special characteristics, analysis reports were not seen that endorsed if the proposal submitted by the company M.L.M. PROTECTION, fitted the quality, terms and conditions required and advantageously to the State, also it was found inconsistencies in the submittal and design of the performance bond submitted by the company to the Social Investment Fund (Fondo de Inversión Social-FIS).

It was noted that the company M.L.M. PROTECTION LTD, conferred the rights of all payments of the ContractNo.045/2010 to the company NUNVAV INC, without a credit transfer authorized by the Ministry of Economics and Finances and without the prior written consent of the Social Investment Fund (Fondo de Inversión Social- FIS), in breach of the Resolution No.001 of

RAMB000694

11

September 20, 2007 and the ninth clause of said contract, where this situation is prohibited without the prior authorization of this body.

As to the receipt and dispatch of the technological equipment, there were not provided by Engineer Rafael Stanziola, Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), reports of this fact, jointly with the fact that the Chief of Warehouse of that entity, Mr. Edwin Carrasco, certified us that in the unit under his office there appear no records of entry or dispatch of such property, however, we gather from the Ministry of the Presidential Office, Seguros Suramericana and the Office of the General Comptrollerl of the Republic, documentation that was presented at the time in these instances, for the processing and payment of the project and notification to the insurer, which indicates that said equipment was received at the National Police, in two documents, identified as "Letter of Acknowledgement" and "Final Acceptance Letter" in which it is noted an illegible signature and below them, the name of Gustavo Perez, with identification of the position held as Director General of the National Police.

The foregoing contravenes with the provisions in the Rule of Governmental Internal Control No.3.4.2, paragraphs a and f, which stipulates that all assets acquired by an entity must be physically entered through the Warehouse unit and even when due to its special conditions have to be received in other facilities, they must be checked by the person in charge of the warehouse of the acquiring institution.

Regarding the existence of this technological equipment, the Commissioner Omar Pinzón, Director General of the National Police, certified that such property is not kept in the institution under his charge; in the meantime, Engineer Rafael Stanziola, Executive Director of the National Aid Program

RAMB000695

(Programa de Ayuda Nacional-PAN), did not report any information of the same.

Regarding the training of human resources, we do not find in the National Aid Program (Programa de Ayuda Nacional-PAN) or the Ministry of the Presidential Office, periodic progress or final reports that prove the monitoring of this project and therefore, determine the training of human resources. Additionally, Mr. Javier Castillo M., Acting Director General of the National Police, stated that there appear no documents on records to support that members of that institution have been trained in the use of this equipment, although in the audit there were obtained copies of the documents described above, related to the receipt of technological equipment and services, noting therein the name of Mr. Gustavo Perez, in his capacity as Director General of the National Police, as the public official that certified the receipt of the equipment and services provided by the company M.L.M.PROTECTION LTD.

The non-location of technological equipment; as well as the absence of reports in the Social Investment Fund (Fondo de Inversión Social-FIS) and the Ministry of the Presidential Office, that support the installation and the training rendered, have caused financial damage to the State for US$10,861,857.48. The difference for US$2,613,142.52 corresponds to disbursements that were paid to the National Treasury regarding the Transfer of Material Assets and Services Tax (Impuestos sobre Traslado de Bienes Materiales y Servicios-ITBMS) and Income Tax.

The people linked to the facts found in our audit are Mr. Gustavo Pérez de la Ossa, with personal identity card No.2-94-1490, former Director of the National Police; Mr. Giacomo Tamburelli, with personal identity card No. N-

687

15-729, who held the office as Director and Secretary of the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS); Mrs. Xenia Rodríguez, with personal identity card No.4-123-894, Former Chief of the Legal Department; Mrs. María Esther de Atencio, with personal identity card No.7-110-418, Former Head of the Department of Treasury of the National Aid Program (Programa de Ayuda Nacional-PAN); Mr. Demetrio Papadimitriu, with personal identity card No.8-413-648 as former President of the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS) and Minister of the Presidential Office.

In addition, Mr. Carlos Orillac, former Managing Director of the Ministry of the Presidential Office, with personal identity card No.8-238-445; Mr. Roger Cerrud, with personal identity card with No.7-85-390, former Director of the Directorate of General Inspection of the General Comptrollershipl of the Republic; Eloy Alvarez, with personal identity cardNo.8-391-346, former Director of Legal Counsel of the Comptroller General of the Republic and Mrs. Telma J. Patiño, with personal identity card No.8-178-385.

In assessing the internal controls of the examined area, we detected weaknesses or failures of control, which we believe are related to the aforementioned situation which we describe the most relevant as follows:

1. Limitation in obtaining the documentation related to the project No.46429, formalized by contract No.045/2010.
2. Absence of an application that supports the submission of the project "Security Technology and Provision of Equipment and Installation, Training and Maintenance" in the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS).

690

14

3. Changes in the title of the project submitted and approved by Resolution No.02/2010 by the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS).

4. Inconsistencies in the direct invitation extended to the Company M.L.M. PROTECTION LTD.

5. Inconsistencies in the performance bond submitted by the Company M.L.M. PROTECTION LTD.

6. Absence of reports that prove the installation, training and final delivery of technological equipment and services.

7. Absence of a research or evaluation report of the proposal submitted by the company M.L.M. PROTECTION LTD.

8. Inexistence of Credit Transfer partial or total from the Company M.L.M. PROTECTION LTD. which supports the transfer of payments of the ContractNo.045/2010 to the Company NUNVAV INC.

The Irregular fact was constituted in the lack of implementation of controls in the administrative procedural process, award, receipt, payment and custody of the technological equipment, as well as the absence of technical reports of receipt of the services, from the Social Investment Fund (Fondo de Inversión Social-FIS) and the Ministry of the Presidential Office in which it could be checked the satisfactory receipt of the same. Likewise, it consisted in the non-location of the technological equipment, despite the existence of satisfactory receipt letters in which an illegible signature and the name of Gustavo Perez is noted, in his capacity as Director General of the National Police.

Based on the foregoing, it is our suggestion that this report be submitted to the National Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN) to apply the recommendations contained therein, as well as

691

16

# I.  GENERALS

## 1.1.   TITLE OF THE REPORT

Audit Report No.03-003-2015-DIAF, related to the process of acquisition, receipt, payment and custody of technological equipment, acquired through the contract No.45/2010, subscribed between Mr. Giacomo Tamburelli former director of the National Aid Program (Programa de Ayuda Nacional-PAN) with the Israeli company M.L.M. PROTECTION LTD for the "Provision of Technological equipment, installation, training and maintenance service for US$13,475,000.00.

## 1.2.   ORDER OF THE AUDIT

This audit was authorized by Resolution No.24-2015-DIAF of January 15, 2015, in reply to the Written Communications No.FGC-DS-455-2014 of September 18, 2014 issued by the General Prosecution Office of Auditors and No. 077-15 of January 2, 2015 of the Second Anti-Corruption Prosecution Office of the Attorney General's Office. (Folios 1-4)

## 1.3.   THE PLACE OF THE SCENE

The facts took place at the premises of the Social Investment Fund (Fondo de Inversión Social-FIS), today National Aid Program (Programa de Ayuda Nacional-PAN), located in San Felipe township, Eloy Alfaro Avenue, between Seventh and Eighth Streets, Casa Verde Building.

## 1.4.   OBJECTIVE AND SCOPE

The audit was focused on whether there was irregular dealings in the process of acquisition, receipt, payment and custody of technological equipment

purchased through Contract No. 45-2010, signed by Giacomo Tamburelli, former Director of the National Aid Program (Programa de Ayuda Nacional-PAN) and the company M.L.M.PROTECTION LTD. for the "Provision of technological equipment, installation, training and maintenance Service" and consisted of the checking of internal controls andprocedures used for the acquisition, management, receipt, assignment, custody and payment of technological equipment purchased by the National Aid Program (Programa de Ayuda Nacional-PAN).

## 1.5.  STATUS REPORT

This is a Final Audit Report, performed in accordance with the corresponding rules, procedures and techniques of auditing; as well as applicable laws, including those audit tests that we considered important in the circumstances.

## II.  EVALUATION OF THE STRUCTURE OF INTERNAL CONTROL

During the audit process, we evaluatethe internal controls applied to the compliance of existing legislation and procedures to determine whether there was any involvement and irregularity in internal controls in the process of acquisition, receipt, payment and custody of technological equipment, acquired through Contract No.045/2010 by the Social Investment Fund (Fondo de Inversión Social-FIS), currently National Aid Program (Programa de Ayuda Nacional-PAN).

The company is responsible for establishing and maintaining adequate internal control structure, pursuant to the Governmental Regulations of Internal Control set forth in Decree No.214 DGA of October 8, 1999, in order to safeguard the public assets and resources and that the transactions are executed in accordance with the respective authorizations.

RAMB000700

18

Due to the inherent limitations of any internal control, our assessment is not necessarily to disclose all internal control matters that might be considered as significant deviations. However, we note certain related matters in the areas described above, which we believe are reportable conditions which refer to the aforementioned issues, in which we describe the most relevant:

2.1     LIMITATION IN OBTAINING THE DOCUMENTATION RELATING TO THE PROJECT No.46429, FORMALIZED BY CONTRACT N0.045/2010.

Condition

For obtaining some information related to the Project No. 46429, entitled "Provision of Technological Equipment, installation, training and maintenance service", formalized by the Contract No.045 / 2010, limitations were given to locate documentation related to the investigation and the following was not found:

- Documentation submitted to the members of the Board of Directors for their consideration and approved in the Meeting held on May 19, 2010 which contains the necessary information to support the application, formulation, objectives and financing of the Project No. 46429.
- List of Charges and Technical Specifications of the Project No.46429.
- Proposal submitted by the Company M.L.M. PROTECTION LTD., to the Social Investment Fund (Fondo de Inversión Social-FIS)
- Minutes of opening of envelopes.
- Order to proceed, among others.

RAMB000701

19

Criteria

The Governmental Rule of Internal Control No.3.3.4.6. related with the supporting documentation provides:

"The Public entities must approve the procedures that ensure that the operations and administrative acts have the supporting documentation to back them up, for further verification.

Comment:

a)  A public entity must provide documentary evidence of its operations. This documentation must be available for inspection by the authorized personnel.

b)  The documentation on operations and contracts and other important management acts must be complete and accurate, as well as allow monitoring and checking, before, during or after its completion by the internal or external auditors.

c)  It is the duty of the financial administrative branch of each entity to establish the procedures to ensure the existence of a file appropriate for the preservation and safeguarding of the supporting documentation, during the time period as set forth by the legal provisions"

Cause

This condition is due to the lack of systematic and proper filing of the supporting documents of financial transactions and administrative acts of the period from 2010 to 2011 by the National Aid Program (Programa de Ayuda Nacional-PAN), which are kept into inactive warehouses in this entity and so

RAMB000702

far, it has not been able to locate as indicated by the Executive Director by means of two notes.

Effect

The limitations to obtain all the supporting documentation in the National Aid Program (Programa de Ayuda Nacional-PAN), has forced us to obtain evidence from external sources, which has caused the audit to not be performed within the present schedule.

Likewise, it has not been able to monitor and check some documents in the examination of this audit.

Recommendations

We suggest to the Executive Directorate of the National Aid Program (Programa de Ayuda Nacional-PAN), take the necessary measures to efficiently organize the inactive files in such a way so as to allow a fast location of documents and information, and be able to keep a control and inventory of all supporting documents of the financial transactions to be further checked.

Management Comments

By Note DE-0440-2015 of April 27, 2015, Engineer Rafael Stanziola states:

"As to your remarks, we agree with most of them because:

1.   In fact, the information management has been hampered by the fact that the files are not ordered or classified with minimal technical rigor.

2. · As to the way of the contractor selection or execution of the contract, other than existing a few records in this regard, it is noted a total disregard for the rules of pre-contractual and contractual process.

However, we welcome the recommendations as it is quite true that maintaining this form of management so opaque and discretionary, the National Aid Program (Programa de Ayuda Nacional-PAN) may not meet its institutional worthwhile goals.

Today we are committed to the establishment of internal controls in the sense of fulfilling the procedures and strengthen the teamwork.  In any case, in this contract especially, where the file was located almost by accident; we have accumulated lessons for the management of the contractual information of the National Aid Program (Programa de Ayuda Nacional-PAN), despite save some frustration at not achieving the desired objectives." (Folio 772)

2.2  ABSENCE OF A REQUEST THAT SUPPORTS THE SUBMITTAL OF THE "SECURITY TECHNOLOGY AND PROVISION OF EQUIPMENT AND INSTALLATION, TRAINING AND MAINTENANCE THEREOF" PROJECT IN THE BOARD OF DIRECTORS OF THE SOCIAL INVESTMENT FUND (FONDO DE INVERSIÓN SOCIAL-FIS)

Condition

On May 19, 2010, it was submitted to the Extraordinary Meeting of the Board of Directors for consideration and approval thereof, the project, called "Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof" for an amount of US$15,000,000.00.  However, for

RAMB000704

697

22

this project it was not clearly explained, by means of a request in writing which were the objectives, funding source and requesting entity.

This was also expressed by the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), through Note DE-014-2015 of January 6, 2015, indicating therein that the documentation related to the meeting and decision making, concerned with technological equipment, the entity requesting the project is not identified.

Criteria

The Chief Manager of the Department of Projects Design and Evaluation of the National Aid Program (Programa de Ayuda Nacional-PAN), Architect Gustavo Barria, in an interview on February 10, 2015, said in relation to the requirements that should be in the submittal of projects "Every project must be accompanied by a request of any area, place or person concerned."

Cause

This situation is due to the lack of systematic and proper filing of the supporting documents of financial transactions and administrative acts of the period 2010-2011, by the National Aid Program (Programa de Ayuda Nacional-PAN), including those relating to the project, entitled "Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof"for the period 2010 and 2011, in which are located in inactive warehouse in this entity.

RAMB000705

23

### Effect

A consequence thereof is that it cannot be known the entity and the public official who requested the project entitled "Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof", as well as the need and objectives in the acquisition of equipment and of the required services.

### Recommendations

We suggest to the Executive Director of National Aid Program (Programa de Ayuda Nacional-PAN), to provide the appropriate so that all projects to be submitted for consideration and approval by the Board of Directors, keep all the documentation that supports the submittal and application of the same and that said documentation be incorporated into the respective file.

### Management Comments

By Note DE-0440-2015 of April 27, 2015, Engineer Rafael Stanziola states:

"As to your remarks, we agree with most of them because:

1.   In fact, the information management has been hampered by the fact that the files are not ordered or classified with minimal technical rigor.

2.  As to the way of the contractor selection or execution of the contract, other than the existence of a few records in this regard, it shows a total disregard for the rules of pre-contractual and contractual process.

However, we welcome the recommendations as it is quite true that maintaining this form of management so opaque and discretionary, the

RAMB000706

694

24

National Aid Program (Programa de Ayuda Nacional-PAN) may not meet its institutional worthwhile goals.

Today we are committed to the establishment of internal controls in the sense of fulfilling the procedures and strengthen the work team. In any case, this contract especially where the file was located almost by accident; we have accumulated lessons for the management of the contractual information of the National Aid Program (Programa de Ayuda Nacional-PAN), despite save some frustration at not achieving the desired objectives." (Folio 772)

2.3    CHANGES IN PROJECT TITLE PRESENTED AND APPROVED BY RESOLUTION N0.020/2010 BY THE BOARD OF DIRECTIOS OF THE SOCIAL INVESTMENT FUND (FONDO DE INVERSIÓN SOCIAL-FIS)

Condition

In the monitoring carried out at the project entitled "Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof" approved on May 19, 2010, by the members of the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS) by means of the Minutes and Resolution of the Board of Directors No.02/2010, we noted that a posteriori, changes were made to the name title, being called "Provision of Technological Equipment, Installation, Training and Maintenance Services", without having been able to prove an explanation of this fact .

Mrs. Mirna Crespo de Vallejos, Former Minister of Education, who participated as a member of the Board of Directors in approving the project in question, by means of a note without number, received on April 7, 2015, explained that she does not know who changed the name of the project,

RAMB000707

emphasizing that what was approved at the meeting was the "Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof" project.

Criteria

The Resolution of the Board of Directors No.02/2010 of May 19, 2010, regarding the eight projects submitted, quotes:

"Resolution:

Article FIRST: To approve the execution of the projects detailed below:

8. Project entitled "SECURITY TECHNOLOGY AND PROVISION OF EQUIPMENT AND INSTALLATION, TRAINING AND MAINTENANCE THEREOF" which has an amount of FIFTEEN MILLION DOLLARS (US$15,000,000.00) ..."

The Governmental Rule of Internal Control No.3.3.4.6 related with the supporting documentation states:

"The Public entities must approve the procedures that ensure that the operations and administrative acts have the supporting documentation to back them up, to be further checked.

Comment:

RAMB000708

701

26

d)   A public entity must provide documentary evidence of the operations thereof.   This documentation must be available for inspection by the authorized personnel.

e)   The documentation on operations and contracts and other important management acts must be complete and accurate, as well as allow the monitoring and checking thereof, before, during or after its completion by internal or external auditors.

Cause

This condition is due to decisions that were taken at the time in the Social Investment Fund (Fondo de Inversión Social-FIS), in which there are no notes or Resolutions that were issued to inform of the change and the reasons of the project title.

Effect

That the name of the "Security Technology and Provision of Equipment and Installation, Training and Maintenance thereof" was changed to "Provision of Technological Equipment, Installation, Training and Maintenance Services" could have resulted that modifications were made to the objectives of the project, which was initially submitted and approved on May 19, 2010, by the members of the Board of Directors.

RAMB000709

## Recommendation

We suggest to the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), that if changes occur in the title of projects previously submitted and approved by the Board of Directors, be communicated and explained of their reasons by means of Resolutions to the members thereof.

## Management Comments:

By Note DE-0440-2015 of April 27, 2015, Engineer Rafael Stanziola states:

"As to your remarks, we agree with most of them because:

1.   In fact, the information management has been hampered by the fact that the files are not ordered or classified with minimal technical rigor.

2.   Regarding the way of the contractor selection or execution of the contract, other than the existence of a few records in this regard, it shows a total disregard for the rules of pre-contractual and contractual process.

However, we welcome the recommendations as it is quite true that maintaining this form of management so opaque and discretionary, the National Aid Program (Programa de Ayuda Nacional-PAN) may not meet its institutional worthwhile goals.

Today we are committed to the establishment of internal controls in the sense of fulfilling the procedures and strengthen the work team. In any case, this contract especially where the file was located almost by accident; we have

RAMB000710

703

28

accumulated lessons for the management of the contractual information of the National Aid Program (Programa de Ayuda Nacional-PAN), despite save some frustration at not achieving the desired objectives." (Folio 772)

## 2.4   INCONSISTENCIES IN THE DIRECT INVITATION EXTENDED TO THE COMPANY M.L.M. PROTECTION LTD.

Condition

By Note No.FIS/AL/N10/452 of June 25, 2010, Mr. Giacomo Tamburrelli, Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS), extended a direct invitation to the Company M.L.M. PROTECTION LTD. in order to submit its proposal to the Project No. 46429, related to "Security Technology and Provision of Equipment and Installation, Training and Maintenance Services", without detailing therein the requirements and technical specifications of the equipment and services required to comply with the rules governing these cases in the Social Investment Fund (Fondo de Inversión Social-FIS).

Likewise, it was found that the Company M.L.M. PROTECTION LTD. was invited on June 25, 2010, without having been recorded in the Bidders Registry, as an essential requirement for participation in the public act. According to the Procurement Department, the company in question was registered on June 29, 2010, under the code 10282210.

RAMB000711

704

Criteria:

The Executive Decree No. 77 of May 16, 2008, which regulates Article 58 of Law 22 of 2006, as amended by Article 2 of Law 21, 2008, provides in Article 1 thereof the following:

"The Social Investment Fund (Fondo de Inversión Social-FIS) will recognize the existing record in said institution of the natural or juridical persons, profitable or non-profitable interested in participate in the selection process of contractor extended by direct invitation. Those interested in joining the registry shall be incorporated once the required information is submitted by the Social Investment Fund (Fondo de Inversión Social-FIS) to ensure a larger participation of bidders."

Article 2 of the same law provides the following:

"The direct invitation may be made in writing, fax or any other reliable technological means that guarantees the exercise of a subsequent audit. In the invitation it shall be included the requirements or conditions that must be met by the good or service to be contracted"

Likewise, Article 13 of this Executive Decree provides:

"The Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS) may contract by direct invitation to a single person, natural or juridical, without resorting to the procedures for selecting contractors established in this Decree, provided that the person shown in the registry referred to in the Article 1 of this Decree."

705

30

## Cause

The conditions mentioned above are a result of breaching the provisions of Articles 1, 2 and 13 of the aforementioned Executive Decree No. 77 of 2008, by the Legal Department Directorate and Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS), given that the requirements or conditions that must meet the goods or services to be contracted were not included; also that they could only be hired by direct invitation to the natural or legal persons duly registered.

## Effect

That the requirements or conditions required were not included in the direct invitation of the equipment and services to be contracted, could have resulted that the Company M.L.M. PROTECTION LTD., submitted a proposal with technical specifications of an equipment and services according to its criterion and not according to the demands that were actually required by the project applicant.

In addition, the Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS), has invited directly to the Company M.L.M. PROTECTION LTD., without the same having been registered in the Bidders Registry, has caused that this entity has hired a company which did not meet essential requirements that would allow its participation.

RAMB000713

## Recommendations

The Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), must check that the direct invitation, includes the requirements and technical specifications of the goods or services to be contracted, in order that the proposal submitted by the parties concerned, are consonant with the demands required by the National Aid Program (Programa de Ayuda Nacional-PAN) or applicant entity for each approved project.

Likewise, it must be checked that the companies or persons are registered in the Bidders Registry, prior to the direct invitation.

## Management Comments

By Note DE-0440-2015 of April 27, 2015, Engineer Rafael Stanziola states:

"As to your remarks, we agree with most of them because:

1.  In fact, the information management has been hampered by the fact that the files are not ordered or classified with minimal technical rigor.

2.   Regarding the way of contractor selection or execution of the contract, other than the existence of a few records in this regard, it shows a total disregard for the rules of pre-contractual and contractual process.


However, we welcome the recommendations as it is quite true that maintaining this form of management so opaque and discretionary, the National Aid Program (Programa de Ayuda Nacional-PAN) may not meet its institutional worthwhile goals.

RAMB000714

32   707

Today we are committed to the establishment of internal controls in the sense of fulfilling the procedures and strengthen the teamwork.  In any case, this contract especially where the file was located almost by accident; we have accumulated lessons for the management of the contractual information of the National Aid Program (Programa de Ayuda Nacional-PAN), despite save some frustration at not achieving the desired objectives." (Folio 772)

2.5   INCONSISTENCIES IN THE PERFORMANCE BOND SUBMITTED BY THE COMPANY M.L.M. PROTECTION LTD.

Condition

By means of note DAM-416-10 of July 13, 2010, Mr. Carlos Orillac, Managing Director of the Ministry of the Presidential Office forwarded to the Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS), Giacomo Tamburrelli, the performance bond No. 031020307 of the Company M.L.M. PROTECTION LTD. contracted with Seguros Suramericana on June 28, 2010.

However, it highlights the fact that the Company M.L.M. PROTECTION LTD., constituted the performance bond with Seguros Suramericana, before the date on which it was awarded the execution of the Project No.46429, called "Provision of Technology Equipment, Installation, Training and Maintenance Services" by the Social Investment Fund (Fondo de Inversión Social-FIS) as well as it was submitted, within a term not exceeding five working days of the notice thereof, pursuant to the laws.

RAMB000715

708

33

The award of the Project No.46429 was made to the Company M.L.M. PROTECTION LTD. by Resolution No.076/2010 of June 29, 2010, and notified to the Legal Representative, that day.

Criteria

The Decree No. 317-Leg of December 12, 2006, whereby the bonds to be issued to ensure the contractual obligations of the State and its models are established are regulated, in Section 2, "the Performance Bond" thereof, provides the following:

"ARTICLE 14: The performance bond is the guarantee required to the awardee of an act of selection of contractor or beneficiary of an exception of contractor selection procedure for the faithful performance of the contract or obligation to execute the objective thereof and, once completed, to correct the defects that could take place if applicable.

ARTICLE 15: The performance bond shall be constituted and submitted within a period not exceeding five working days starting from the execution of the resolution that awards the contractor selection act."

The Law No.32 of November 8, 1984, whereby the Organic Law of the General Comptrollership of the Republic is adopted, provides in Article 11, Title III General Functions, the following:

"To fulfill its mission, the General Comptrollership shall perform the following duties:

...2. It shall supervise, regulate and control all acts of management of funds and other public property, so that such acts are undertaken with accuracy and pursuant to the respective legal rules.

709

34

## Cause

The situation described above, is due to the lack of compliance by the Legal Department Directorate of the Social Investment Fund (Fondo de Inversión Social-FIS) of checking that the performance bond sent by the Company M.L.M. PROTECTION, was constituted and submitted within the term as required by the legal rules.

Likewise, the application of controls by the Legal Department Director of the General Comptrollership of the Republic of Panama, as to object to, in due time, the endorsement of the Contract No.045/2010, which had the inconsistencies of the performance bond, which represents the guarantee of the compliance with the same.

## Effect

This condition resulted, that the Social Investment Fund (Fondo de Inversión Social-FIS), had accepted a performance bond constituted extemporaneously, which could cause problems with the guarantee at the moment of executing its object.

## Recommendation

We suggest to the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), to order the pertinent so that the Legal Department to previously check each one of the documents submitted by the companies during the processing and awarding of the project to be contracted, so that it may comply with the established laws and safeguard the State funds.

Management Comments

By Note DE-0440-2015 of April 27, 2015, Engineer Rafael Stanziola states:

"As to your remarks, we agree with most of them because:

1. In fact, the information management has been hampered by the fact that the files are not ordered or classified with minimal technical rigor.

2. Regarding the form of contractor selection or execution of the contract, other than the existence of a few records in this regard, it shows a total disregard for the rules of pre-contractual and contractual process.

However, we welcome the recommendations as it is quite true that maintaining this form of management so opaque and discretionary, the National Aid Program (Programa de Ayuda Nacional-PAN) may not meet its institutional worthwhile goals.

Today we are committed to the establishment of internal controls in the sense of fulfilling the procedures and strengthen the work team. In any case, this contract especially where the file was located almost by accident; we have accumulated lessons for the management of the contractual information of the National Aid Program (Programa de Ayuda Nacional-PAN), despite save some frustration at not achieving the desired objectives." (Folio 772)

2.6      LACK OF REPORTS THAT PROVE THE INSTALLATION, TRAINING AND FINAL DELIVERY OF THE TECHNOLOGICAL EQUIPMENT AND SERVICES.

36

## Condition

By Note No.234-15/DIAF of February 5, 2015, it was requested to the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN) the reports that must submit the Company M.L.M. PROTECTION LTD. to the Social Investment Fund (Fondo de Inversión Social-FIS) and the Ministry of the Presidential Office regarding the progress of the installation of the equipment and training, as well as the periodic report about the needs of maintenance and the final results of the work carried out. Nevertheless, they were not proven by this entity.

Similarly, through the Note No.237-15/DIAF of February 6, 2015, those reports were requested to the Minister of the Presidential Office; however it was noted that in said institution, there appear no reports from the Company M.L.M.PROTECTION LTD.

## Criteria

The fifth clause of the Contract No.045/2010, agreed upon between the Social Investment Fund (Fondo de Inversión Social-FIS) and the Company M.L.M. PROTECTION LTD. provides:

"During the execution of the contract, the company will provide to the SOCIAL INVESTMENT FUND AND THE MINISTRY OF THE PRESIDENTIAL OFFICE reports on the progress of the installation of the equipment and training, and a periodic report about the maintenance needs, as well as a final one of the outcome of the works performed. These reports shall be submitted at the request of the Ministry of the Presidential Office."

RAMB000719

## Cause

This condition is due to the fact that the Minister of the Presidential Office, Mr. Demetrio Papadimitriu and the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), Giacomo Tamburelli, at the time of execution of the Contract No.045/2010, did not make the request of the respective reports to the Company M.L.M. PROTECTION LTD.

## Effect

The situation described above, resulted that the report and progress of the services that were allegedly provided, and later paid by the National Aid Program (Programa de Ayuda Nacional-PAN) to the company M.L.M. PROTECTION LTD. are unknown, as well as the accuracy of the location and date, where the technological equipment was installed and where the staff was trained, in order to provide a follow up and evaluation of this project.

## Recommendation

We suggest to the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), to provide the appropriate for adequate monitoring and supervision of the implementation of projects and contracts signed by this body so that it can comply with important aspects at the time of checking and corresponding payments.

## Management Comments

By Note DE-0440-2015 of April 27, 2015, Engineer Rafael Stanziola states:

"As to your remarks, we agree with most of them because:

RAMB000720

713

38

1.   In fact, the information management has been hampered by the fact that the files are not ordered or classified with minimal technical rigor.

2.   Regarding the way of contractor selection or execution of the contract, other than the existence of a few records in this regard, it shows a total disregard for the rules of pre-contractual and contractual process.

However, we welcome the recommendations as it is quite true that maintaining this form of management so opaque and discretionary, the National Aid Program (Programa de Ayuda Nacional-PAN) may not meet its institutional worthwhile goals.

Today we are committed to the establishment of internal controls in the sense of fulfilling the procedures and strengthen the work team. In any case, this contract especially where the file was located almost by accident; we have accumulated lessons for the management of the contractual information of the National Aid Program (Programa de Ayuda Nacional-PAN), despite saving some frustration at not achieving the desired objectives." (Folio 772)

## 2.7   ABSENCE OF A REPORT OF ANALYSIS OR EVALUATION OF THE PROPOSAL SUBMITTED BY THE COMPANY M.L.M. PROTECTION LTD.

Condition

Upon checking the processing of the Project No.46429, called "Provision of Technological Equipment, Installation, Training and Maintenance Services" we could prove that it was not presented an analysis or evaluation of the proposal submitted by the Company M.L.M. PROTECTION LTD., in order to

check in detail that it was examined and accepted, taking as a framework the convenience or best interests of the State.

This condition was also noted on July 23, 2010, by Mrs. Otero Yurisam, Auditor of the Directorate of General Inspection of the General Comptrollership to review the contract No.045/2010, by which it was agreed the achievement of the Project No.46429, in which the same objects to the endorsement of the contract, indicating among other things, not noticing an evaluation of the proposal because it is of special services.

Criteria

Executive Decree No. 77 of May 16, 2008, Article 2 provides the following:

"The direct invitation may be extended in writing, fax or any other reliable technological means that guarantees the exercise of a subsequent audit. In the invitation the requirements or conditions to be met by the good or service to be contracted shall be included.

Upon receipt of the proposals it shall be analyzed and if deemed convenient to the interests of the State, the contract or purchase order to be signed by the Executive Director or the authorized public servant shall be prepared.

Cause

The situation described above is due to the failure of the administration of the Social Investment Fund, the provisions of the aforementioned Executive Decree No. 77 already mentioned, regarding the analysis, or evaluation that must exist for the administration of the Social Investment Fund (Fondo de Inversion Social-FIS), of the proposal submitted by the applicant in order to

40

determine whether it had the most advantageous conditions for the best interests of the State.

### Effect

Due to the above condition, it cannot be checked the report that determined the feasibility of the proposal submitted by the company M.L.M. PROTECTION LTD., as to the technical aspects analyzed and checked with respect to the technological equipment and services required.

### Recommendations

We suggest to the Executive Director of the National Assistance Program (Programa de Ayuda Nacional-PAN), to arrange that future acquisitions to have analysis made to the proposals submitted by bidders, in order to be framed within the best interests and benefit to the State.

### Management Comments

By means of note DE-0440-2015 of April 27, 2015, Engineer Rafael Stanziola states:

"As to your remarks, we agree with most of them because:

1.   In fact, information management has been hampered by the fact that the files are not ordered or classified with minimal technical rigor.

2.   Regarding the way of contractor selection or execution of the contract, apart from the existence of a few records in this respect, it shows a total disregard for the rules pre-contractual and contractual procedures.

RAMB000723

41

However, we welcome the recommendations as it is quite true that maintaining this form of management so opaque and discretionary, the National Aid Program (Programa de Ayuda Nacional-PAN) may not meet its corporate goals laudable.

Today we are committed to the establishment of internal controls in the sense of fulfilling the procedures and strengthen the work team. In any case, this contract especially where the file was located almost by accident, we have accumulated lessons for the management of the contractual information of the National Aid Program (Programa de Ayuda Nacional-PAN), despite saving some frustration at not achieving the desired objectives. (Folio 772).


2.8    NON-EXISTENCE OF A CREDIT TRANSFER AUTHORIZED BY THE MINISTRY OF ECONOMICS AND FINANCES (Ministerio de Economía y Finanzas-MEF), FOR THE TRANSFER OF CONTRACT PAYMENTS No.045/2010 TO THE COMPANY NUNVAV, INC.

Condition

It was checked that by banking account 04-91-004-3, known as Ministry of the Presidential Office, the Social Investment Fund (Fondo de Inversión Social-FIS), wire transfers were made into bank account No.141005572, through the National Bank of Panama, as a result of the Project No.46429, agreed by the Contract No.045/2010 for the amount of US$10,861,857.48. However, even though the company that was supposed to receive the payment was M.L.M. PROTECTION LTD, or in lieu thereof, Ofer Bar as Legal Representative, the expenditures were made to the company NUNVAV INC.,

717

42

without the existence of an assignment authorized by the Ministry of Economics and Finances.

Neither it was located a note in which the Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS), currently National Aid Program (Programa de Ayuda Nacional-PAN), approved or authorized the transfer of the rights acquired by the company M.L.M. PROTECTION LTD. to the company NUNVAV INC., as set out in the ninth clause of the contract.

Criteria

Resolution No.001, whereby the Resolution No.005 of August 20, 2002, on credit assignments that must address the Contractors or Suppliers of the Central Government to the Ministry of Finance is amended, provides:

"... SECOND: The formats of applications for processing credit assignments that must address the Contractors or Suppliers of the Central Government to the Ministry of Economics and Finances, as well as the requirements for the processing thereof, constitute annexes to this Resolution and, therefore, they are an integral part thereof. (Annex I, II and III)."

Ninth Clause of the Contract No.045/2010, states:

"THE COMPANY is banned from transferring partially or totally the acquired rights and obligations, resulting from this contract without the prior express written authorization from the Social Investment Fund (Fondo de Inversión Social-FIS)".

Law No.32 of November 8, 1984, by which the Organic Law of the General Comptrollership of the Republic is adopted, provides in Article 11, Title III General Duties, the following:

RAMB000725

"To fulfill its mission, the General Comptrollership shall perform the following duties:

...2. It shall supervise, regulate and control all acts of management of funds and other public property, so that such acts are performed correctly and as set out in respective legal rules."

Cause

This condition was due to the lack of implementation, monitoring and supervision by the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), of the compliance with the legal provisions, referring to the application for credit transfer procedures and formalized rights under the Contract No.045/2010, which should have made the company M.L.M. PROTECTION LTD. to the Ministry of Economics and Finances, for the purposes of payment of accounts.

Also, the implementation of controls by officials of the General Comptrollership of the Republic of Panama was omitted, as to object to the endorsement of these transfers to the company NUNVAV INC., which did not keep the corresponding credit transfer authorized by the Ministry of Economics and Finances of the Contract No.045/2010 as well as the formal notice in writing, in which the Executive Director authorized the same.

Effect

The fact of having made transfers to the company NUNVAV INC. without a credit transfer wherein the company M.L.M. PROTECTION LTD. transferred the rights of the Contract No.045/2010, with prior authorization of the Ministry of Economics and Finances, has caused that payments have been

7-17

44

made payments to a company, through which the National Aid Program (Programa de Ayuda Nacional-PAN) did not hold any payment commitment whatsoever, for which reason it could have incurred in economic damage to the State funds.

Recommendations

We suggest to the Executive Director of the National Aid Program (Programa de Asistencia Nacional-PAN), to arrange the necessary to effectively monitor that the payments and transfers to be made to suppliers or contractors with purchase orders or contracts wherein the rights have been transferred derived from said contract, to submit the document by which the Ministry of Finances authorizes the credit transfer processed by the company transferring them.

Management Comments

By note DE-0440-2015 of April 27, 2015, Engineer Rafael Stanziola states:

"As to your remarks, we agree with most of them because:

1.   In fact, information management has been hampered by the fact that the files are not ordered or classified with minimal technical rigor.

2.   Regarding the way of contractor selection or execution of the contract, other than the existence of a few records in this respect, it shows a total disregard for the rules of pre-contractual and contractual process.

However, we welcome the recommendations as it is quite true that maintaining this form of management so opaque and discretionary, the National Aid Program (Programa de Ayuda Nacional-PAN) may not meet its corporate goals laudable.

RAMB000727

7-20

Today we are committed to the establishment of internal controls in the sense of fulfilling the procedures and strengthen the work team. In any case, this agreement in particular, where the file was located almost by accident; we have accumulated lessons for the management of the contractual information PAN, despite saving some frustration at not achieving the desired objectives." (Folio 772).

## III. DESCRIPTION OF THE ACT AND AMOUNT INVOLVED

The irregular fact was the lack of implementation of controls in the process of awarding, receipt, payment and custody of the technological equipment and monitoring services provided by the company M.L.M.  PROTECTION LTD.; as well as in the absence of technical reports in the receipt of services, by the Social Investment Fund (Fondo de Inversión Social-FIS) and the Ministry of the Presidential Office, in which it could be checked to the satisfactory receipt thereof.  It also involved the non-location of the technological equipment, despite the existence of satisfactory acceptance letters, in which an illegible signature and the name of Gustavo Pérez is noted.  The latter made a financial loss to the State for US$10,861,857.48.

For a better understanding, the report is structured as follows:

## IV.  RELATION OF THE EVENTS

### 4.1.  Origin of Audit

By Written Communication No.FGC-DS-455-2014 of December 18, 2014 the Attorney General's Office, requested the General Comptrollership of the Republic, to conduct an audit in connection with the report filed before the Public Ministry, by the Commissioner Rolando López Pérez, Executive

RAMB000728

72(

46

Secretary of the National Security Council, regarding the disappearance of an equipment for wiretapping and emails tracking worth US$13.4 million dollars, acquired through the Social Investment Fund (Fondo de Inversión Social-FIS), in order to prove the existence of a patrimonial damage. (Folio 3).

Subsequently, by means of Written Communication No.077-15 of January 2, 2015, the Second Anti-Corruption Prosecutor Office of the Office of the Attorney General requested the General Comptrollership of the Republic, an audit based on the report filed by the Commissioner Rolando López Pérez against Mr. Alejandro Garúz related to the signature of the Contract No.045/2010 between the Social Investment Fund (Fondo de Inversión Social-FIS), currently National Aid Program (Programa de Ayuda Nacional-PAN), with the company M.L.M. PROTECTION LTD. for the "Provision of Technological Equipment, Installation, Training and Maintenance Service."

The Second Anti-Corruption Prosecution Office requested the clarification of the following issues:

• To be established the existence of irregularities in the purchase of technological equipment acquired by the former Social Investment Fund (Fondo de Inversión Social-FIS), currently National Aid Program, (Programa de Ayuda Nacional-PAN), to the Israeli company M.L.M. PROTECTION LTD., amounting to 13.475 million dollars (US$13,475,000.00), through Contract No. 45/2010.

• To be established which official of the National Security Council was in charge of the custody with the diligence of a head of household, the Technological Equipment acquired by the former Social Investment Fund (Fondo de Inversión Social-FIS), currently National Aid Program (Programa

RAMB000729

Board, Marta Susana de Varela, Vice Minister of the Ministry of Social Development and Mirna Vallejos de Crespo, Vice Minister of the Ministry of Education, eight (8) projects, including the one related with "Technological Security and Provision of Equipment, Installation, Training and Maintenance thereof" for US$15,000,000.00, for which an advanced payment of 50% was approved.

At that meeting, issued by Minutes No.02/2010, it was indicated that after having the quorum present, the Secretary of the Board, proceeded to read item III of the Agenda, illustrating the members of the Board of Directors about "the importance of the approval thereof because of the commitment made by the President of the Republic" (Folios.8-10)

After the deliberations in this meeting, the Board of Directors unanimously approved by means of Resolution of the Board of Directors No.02/2010, the project entitled "Technological Security and Provision of Equipment and Installation, Training and Maintenance thereof" for US$15,000,000.00, authorizing the Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS), to sign all documents derived from the same. (Folios 11-14).

4.2.1.1    Absence of an application that requires and supports the submittal of the Project "Technological Security and Provision of Equipment and Installation, Training and Maintenance thereof" in the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS).

49

By means of Minutes No.02/2010 and by Resolution 020/2010, both of May 19, 2010, there appear no source of financing neither the executing agency claiming the Project, therefore, it is not possible to specify which entity requested before the Board of the Social Investment Fund (Fondo de Inversión Social-FIS), the "Technological Security and Provision of Equipment and Installation, Training and Maintenance thereof": (Folios 8-14)

Because of these facts, by means of notes No.234-15/DIAF and No.271-15 of February 5 and 20, 2015, respectively, Engineer Rafael Stanziola, Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), was requested to furnish the supporting documentation which was reviewed and evaluated by the members of said Board, for the submittal and approval of the project in question; and also to certify to us if the Social Investment Fund (Fondo de Inversión Social-FIS), had signed a Cooperation Agreement with an institution of the State, in order to request it before the Board of Directors. (Folios 15-19)

By means of Note No.DE-155-2015 of February 10, 2015, Engineer Rafael Stanziola said that they have no record of any subscription of any inter-institutional or private agreement for the acquisition of the equipment mentioned in the note sent. (Folio 17)

Regarding the documentation corresponding to the project object of this report, which was reviewed and evaluated by the members of the Board of Directors, through Note DE-288-2015 of March 18, 2015, Engineer Rafael Stanziola reported to have sent to the Investigation and Forensic Auditing Directorate of the General Comptrollership of the Republic, the documents related to the case, which at that time appeared in the entity under your office. (Folio 20-26)

RAMB000731

In reference to the submittal of this project, Mrs. Mirna Crespo de Vallejos who was present in the meeting of the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS) of May 19, 2010, representing the Ministry of Education, in her capacity as Academic Deputy Minister; by note without number of April 7, 2015, expressed that said project was exposed with very technical details, where they emphasized the urgent need to acquire the equipment for the security of the country, to avoid hacker and other actions that could affect sensitive information, since they were told that the groups or criminal organizations had advanced technology affecting the country, imminently jeopardizing the technological security of the population. (Folio 636)

Executive Decree No.189 of November 15, 1999, by which the Social Investment Fund (Fondo de Inversión Social-FIS) was created, and other provisions are issued, provides in the second paragraph related with WHEREAS, the following:

"... That the authentic mission to be fulfilled by this institution, in addition to providing a quick response to the basic needs of the population in poverty, is to permanently improve, the living conditions of these communities through training and community organization ... ", however this institution according to the Executive Decree No.77 of May 16, 2008, which regulates Article 58 of Law 22 of 2006, as amended by Article 2 of Law 21 of 2008, under Article 15 thereof, is allowed the entering into of public goods and services contracts intended for the security of the citizens, as it provides:

"The Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS) may order that certain contracts abide by the procedure of the entering into of public contracts pursuant to the Law 22 of 2006, provided it

RAMB000732

72u

51

In reference to the submittal of this project, Mrs. Mirna Crespo de Vallejos who was present in the meeting of the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS) of May 19, 2010, representing the Ministry of Education, in her capacity as Academic Deputy Minister; by note without number of April 7, 2015, expressed that said project was exposed with very technical details, where they emphasized the urgent need to acquire the equipment for the security of the country, to avoid hacker and other actions that could affect sensitive information, since they were told that the groups or criminal organizations had advanced technology affecting the country, imminently jeopardizing the technological security of the population. (Folio 636)

Executive Decree No.189 of November 15, 1999, by which the Social Investment Fund (Fondo de Inversión Social-FIS) was created, and other provisions are issued, provides in the second paragraph related with WHEREAS, the following:

"... That the authentic mission to be fulfilled by this institution, in addition to providing a quick response to the basic needs of the population in poverty, is to permanently improve, the living conditions of these communities through training and community organization ... ", however this institution according to the Executive Decree No.77 of May 16, 2008, which regulates Article 58 of Law 22 of 2006, as amended by Article 2 of Law 21 of 2008, under Article 15 thereof, is allowed the entering into of public goods and services contracts intended for the security of the citizens, as it provides:

"The Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS) may order that certain contracts abide by the procedure of the entering into of public contracts pursuant to the Law 22 of 2006, provided it

RAMB000733

technological equipment and installation, training and maintenance services. (Folio 38)

By note No.DAYF-SEG-010-15 of March 23, 2015, Mrs. Marcia Rivera López, Private Secretary to the Ministry of Public Security, informed that in the files of the entity, there appear no documents related to the issues of the Contract No.045/2010. (Folio 566)

This confirmation request was also forwarded by letter No.237-15/DIAF of February 6, 2015, to the Ministry of the Presidential Office, to certify to us if in that entity there appeared reports or notes that have supported, at the time the submittal and need to purchase a technological equipment and services referred in the project submitted by the Social Investment Fund (Fondo de Inversión Social-FIS. (Folios 40-41)

The Minister of the Presidential Office, Mr. Alvaro Alemán, through notes DAM-103-2015 of February 27, 2015 and DAM-126-2015 of March 6, 2015, certified that in their files there appear no reports or notes to support the need of a technological equipment: in addition to the installation, training and maintenance services, referring to the Contract No.045/2010. (Folios 42-87)

I must be mentioned, that by written communication No.5916/doam of April 24, 2015, the Fourth Anti-Corruption Prosecutor of the Attorney General's Office of the Nation, Attorney Ruth Morcillo Saavedra, sent to the Second Anti-Corruption Prosecutor, Attorney Vielka Gisela Broce Barrios, copy of the Covenant of Inter-Institutional Cooperation and Execution No.02/09 of October 28, 2009, signed by Giacomo Tamburelli, as Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS), and Gustavo Pérez de la Ossa, General Director of the National Police. (Folio 759-766)

RAMB000734

781

105

use of property, assigned to a person. Custody is the responsibility a person assumes for the physical care of a good.

b) b) The servants who work in a particular unit should be the only ones authorized to use the goods assigned, who are obliged to use them properly, and ensure their conservation.

c) There should be in written the responsibility for custody of fixed assets, the people who use them exclusively, so that they are protected from misuse or access by persons outside the agency.

d) In the case of goods which are interchangeably used by several people, it is the responsibility of the Chief of the department to define those concerning custody and verification aspects, so that they are used correctly, and for the purposes of the institution.

e) The changes occurring and altering the location and nature of the goods must be reported to the directorate by the staff responsible for the custody and use thereof; in order to take corrective action of the case.

With regard to the receipt of the Technological Equipment and Services provided, Mr. Giacomo Tamburelli, Former Executive Director of National Aid Program (Programa de Ayuda Nacional- PAN) by unnumbered note of March 27, 2015, informed us that the payments, among others aspects were made against equipment delivery and acceptance of the product and satisfactory service by note of satisfactory acceptance, as stipulated by the tenth clause of the Contract No.045/2010, noting that the note of satisfactory acceptance is an essential requirement for cash payment. (Folio 587)

RAMB000735

783

Demetrio Papadimitriu

By Decree No.66 of July 1, 2009, Mr. Demetrio Papadimitriu is appointed as Minister of the Presidential Office. (Folios 503-506)

On July 16, 2012, Mr. Ricardo Martinelli Berrocal, President of the Republic sends note DS-N-035-2012 to Mr. Demetrio Papadimitriu, formally informing the acceptance of his resignation as of that that date. (Folio 713)

Carlos Orillac

By means of Minutes of taking of office without number of July 1, 2009, Mr. Carlos Orillac, is appointed as Managing Director of the Ministry of the Presidential Office. (Folios 507-510)

By Resolution No.171 of May 12, 2014, the Ministry of the Presidential Office formally accepts the resignation of Mr. Carlos Orillac, as of July 1, 2014. (Folios 714-716)

Marta Susana de Varela

According to note without number of July 1, 2009, Mrs. Marta Susana de Varela was appointed as Vice-Minister of the Ministry of Social Development. (Folios 512-513)

On August 31, 2011, by a note without number, Mrs. Marta Susana de Varela submitted before the President of the Republic, Mr. Ricardo Martinelli, the office as Vice-Minister of Social Development. (Folio 514)

Mirna Vallejos de Crespo

By note without number July 1, 2009, Mrs. Mirna Vallejos de Crespo was appointed as Vice-Minister of the Ministry of Education. (Folio 650-651)

RAMB000736

784

108

### Gioconda Torres de Bianchini

By Resolution No.82 of October 20, 2009, Mrs. Gioconda Torres de Bianchini, was appointed as General Comptroller of the Republic of Panama, for a period of 5 years as January 1, 2010. (Folio 525)

On January 2, 2010 Mrs. Bianchini to the President of the National Assembly personally appeared to swear in her office. (Folio 526)

### Roger Cerrud Gallardo

On January 4, 2010, by Minutes of taking of office Mr. Roger Cerrud was appointed as National Director of the General Comptrollership of the Republic. (Folio 527)

Subsequently, by Decree number 319-DDRH of August 31, 2010, legally assigned the position to Mr. Jorge Cerrud as National Director, exercising duties as National Director of the General Auditing Directorate. (Folio 679)

By Minutes of taking of office of September 8, 2010, Mr. Cerrud, accepts the position of National Director of the General Auditing. (Folio 680)

By Resolution No.728-DDRH of November 28, 2014, Mr. Jorge Cerrud resigned as Director of General Auditing in the National Directorate of General Auditing of the General Comptrollership of the Republic, as of January 1, 2015. (Folio 528)

### Eloy Alvarez

By Decree No. 77 of March 13, 1995, Mr. Eloy Alvarez was appointed in the Legal Department Directorate of the General Comptrollership of the Republic as Coordinator of Auditing Comptrollership (Folio 529)

RAMB000737

On January 4, 2010, by Decree No.05-DDRH, Mr. Eloy Alvarez took office as National Director of the General Comptrollership, this decree is then amended by Decree No.37-DDRH of January 21, 2010 in regard to the date of appointment as Acting Director of the Legal Department, for which it would take effect as of January 19, 2010 (Folios 681 -688)

By Resolution 728-DDRH No.115 of February 10, 2015 the resignation submitted by Mr. Eloy Alvarez on February 16, 2015 is accepted. (folio 530)

Eleyda P. de Solís

By Decree No.194 of October 20, 1970 Mrs. Eleyda Pinto Montenegro was appointed as Secretary III. (Folios 531-532)

On September 21, 1999, Mrs. Eleyda Pinto de Solis by Decree No. 202-DDRH was assigned as Auditing Chief of the Comptrollership III, with the office as per Fiscal Auditing duties. (Folio 692)

On October 5, 1999, Mrs. Eleyda Solís de Pinto de Solis took the office as Head of Auditing Control III and later by Decree No. 302-DFG of October 22, 2002, said office is amended as Chief of Auditing III. (Folio 593).

By Decree Number 682-DDRH of October 19, 2011 the appointment of Mrs. Eleyda Pinto Montenegro was revoked as Chief of Auditing II in the General Auditing Directorate of the General Comptrollership of the Republic of Panama (Folios 533-534)

RAMB000738

784

110

Telma Patiño

On May 1, 1975, by Minutes of taking of office Mrs. Telma Patiño was awarded the office as Clerk II in the Accounts Directorate of the General Comptrollership of the Republic. (Folio 535)

By Decree No.77 of May 7, 1975, she was named as the Accounting Directorate as Clerk II. (Folio 536)

By Minutes of taking of office of June 1, 1983, Mrs. Telma Patiño was assigned as Auditor I.

For purposes of promotions and reclassifications, by Decree No. 45 of February 6, 1995, Mrs. Telma Patiño was awarded the office as Auditor II, with duties of Auditor. (Folios 706-707)

Xenia Rodriguez

By Executive Decree No.992 of December 30, 2009 the Social Investment Fund authorized the appointment of Mrs. Xenia Rodriguez as Executive Assistant I and the Minutes of taking of office without number of January 4, 2010 she proceeds to take office. (Folios 668-669)

Then, by Memorandum OIRH-M10-962 of January 4, 2010, Mr. Giacomo Tamburelli, Executive Director of the Social Investment Fund, appointed Mrs. Xenia Rodríguez as Chief of the Legal Department. (Folio 670)

By Decree of Staff No.766 of July 30, 2010, Mrs. Xenia Rodríguez was dismissed. (Folio 671)

RAMB000739

787

111

María Esther de Atencio

On August 18, 2009, by Resolution No. OIRH-8-660-2009 Mrs. María Esther de Atencio was appointed as Coordinator of Communal Promoter I, with functions of Area Chief of the Treasury of the Social Investment Fund and on September 1, 2009, she took office. (Folios 723-724)

By Staff Decree No.81 of January 26, 2010, Mrs. María Esther de Atencio was appointed as Purchases Chief II, with duties as Head of the Treasury Area. (Folio 726)

On August 21, 2012, by Resolution No.8-266-2012 the resignation of Mrs. María Esther de Atencio was formally accepted who held the office as Chief Purchases II, with duties as Head of the Treasury Area. (Folio 731)

External Information Request

National Customs Authority

By Note No.224-15/DIAF of February 3, 2015, Mr. José Gómez Núñez, General Director of the National Customs Authority was requested information related to statements liquidations were requested of the company M.L.M. PROTECTION LTD. during the period from January 1, 2010 to June 30, 2014. (Folio 537)

On February 12, 2015, by Note No.903-01-010-SG, Mrs. Sheila Lorena Hernández, Secretary General of the National Customs Authority, informed that after checking on the SICE and SIGA systems, there appear no records of imports of the company M.L.M. PROTECTION LTD., as consignor or importer. (Folio 538)

788

112

National Police

By Note No.232-15/DIAF of February 5, 2015, the General Director of the National Police, Commissioner Omar Pinzon, was requested to provide information about the names of the Directors who were in charge of that institution during the period of January 1, 2010 to June 30, 2014. (Folios 27-28)

By Note DGPN/DAL/LI-0025/15 of February 13, 2015, the General Director, sent us the Memorandum DNRH-SL-849-2015 of February 10, 2015, which reported that officials that were in charge of the National Police during the period of January 1, 2010 to June 30, 2014, as Directors were the following:

- Gustavo Adolfo Pérez de la Ossa, with personal identity No.2-94-1490, was Director from July 2, 2009 until March 12, 2012, and
- Julio Armando Moltó Alaín, with personal identity card No. 8-372-681, who served as Director from March 13, 2012 until July 1, 2014, attaching thereto the Executive Decree 159 of March 13, 2012 and the Minutes of Taking of Office, wherein Mr. Julio Moltó is appointed as Director of this institution. (Folios 539-544)

General Director of Vital Records

On February 12, 2015, by Note No.247-15/DIAF Lawyer Luis Bermúdez, Director of Vital Records was requested an authenticated copy of the baseboard and a Positive of the personal identification cards of Mr. Gustavo Adolfo Pérez De La Ossa and Gustavo Armando Moltó Alaín (Folio 543)

By Note No.082/DNC of February 19, 2015, Attorney Luis A. Bermúdez Ayala sent a certified copy of the requested documentation. (Folios 546-550)

In addition, on March 25, 2015, was sent to the General Directorate of Vital Records Note No.550-15/DIAF, in order to send the last home address recorded on the Electoral Roll of Mr. Demetrio Papadimitriu and Carlos Orillac and Mrs. Marta Susana G. de Varela. It was answered by note No.098-DNC/SBC of March 26, 2015. (Folios 577-578)

Ministry of Foreign Affairs

On March 6, 2015, we sent to Mrs. Isabel de Saint Malo de Alvarado, the Note No.360-15/DIAF of March 5, 2015, in order that through the diplomatic channels to conduct the procedure related to delivery of the Notes No.358-15/DIAF of March 5, 2015, on behalf of Mr. Ofer Bar, Legal Representative of the company MLM PROTECTION LTD and No.359-15 of March 5, 2015, on behalf of Mr. Natan Wancier, Representative of the company NUNVAV INC. in order to obtain relevant information and judgment elements to support our audit and allow the testing of prices of the technological equipment and services provided with the manufacturer. (Folios 551-553)

By Notes A.J.666 of March 13, 2015, the Director of Legal Affairs and Treaties, Mrs. Farah Diva M. Urrutia, informed that by Notes A.J. 667 and A.J. 668 of March13, 2015 respectively, there were forwarded the requested notes to the diplomatic representations of Israel and Colombia; however, at the closing of this auditing report, they were not answered. (Folios 554-556).

National Aid Program (PAN) - Members of the Board of Directors/Board Council Years 2010-2011

By Notes DE-327-2015 of March 30, 2015 and DE-337-2015 of April 6, 2015, Engineer Rafael Stanziola, Executive Director of the National Aid Program, supplied the names of the members of the Board of Directors of the

RAMB000742

740

114

Social Investment Fund, subsequent Council Board, corresponding to the period April 2010 to December 2011. (Folios 580-582, 629-633)

Organization Manual of the Ministry of the Presidential Office

By Note PAN-ORH-220-2015 of March 3, 2015, Engineer Rafael Stanziola, Executive Director of the National Aid Program, certified that the Organization Manual of the Ministry of the Presidential Office, which includes the Social Investment Fund (Fondo de Inversión Social-FIS), presently National Aid Program (Programa de Ayuda Nacional-PAN), is in effect, indicating that it was approved by Executive Decree No. 153 of October 8, 2008 and published by the Official Gazette No. 26163 of November 12, 2008. (Folio 664)

Subpoena Notes

Yurisam Otero

On March 23, 2015, Mrs. Yurisam Otero, Auditor of the Directorate of General Auditing of the General Comptrollership of the Republic, was subpoenaed in order to inform us about her involvement in the review of Contract No.045/2010, entered into between Mr. Giacomo Tamburelli, as Executive Director of the Social Investment Fund and Mr. Ofer Bar as Legal Representative of the company M.L.M. PROTECTION LTD., for the provision of technological equipment and installation, training and maintenance services, for US$13,475,000.00. (Folio 557)

RAMB000743

791

115

Mrs. Yurisam Otero stated to have been the official who reviewed the Contract No.045/2010 and listed objections for the endorsement thereof on July 23, 2010.

With regard to these facts, she said that proceeded to write down the results of the contract review in the checking list and the remarks in the form entitled "Contract Project Movement". (Folio 558-559)

She explained that for the review of the contracts of more than US$10millions, the contract should be initially reviewed through SICO, using a checking list, the guidance auditing from her experience.  She added that if the reviewed contract was challenged by the auditor thereof, the same would not be sealed. (Folio 558)

With regard to the following up of the remarks made as a result of the review of the contract No.045/2010, she stated hat after that event she never saw that file again. (Folio 559)

JisellCastillo

On March 24, 2015, Mrs. Jisell Edilsa Castillo was subpoenaed, in order to provide information regarding her involvement as a lawyer in the Directorate of Legal Department of the Social Investment Fund for the period wherein the Contract No.045/2010 was drawn up. (Folio 653)

By a Note received by the Office of Investigations and Forensics Audit, on April 24, 2015, Mrs. Jisell Castillo, indicated that for the allocation of a record in the first instance, it enters to the Legal Department Directorate for the appropriate arrangements.

RAMB000744

792

116

In this case, she points out that she did not draw up the contract, since it was sent from the Presidential Office, via email, with the link of Mr. Carlos Orillac mentioned to her by Mr. Giacomo Tamburelli, since she had told her immediate boss, Mrs. Xenia Rodríguez and to Mr. Tamburrelli, that she had no knowledge of computer equipment neither understand the specifications appearing in records.

In addition to the above, she explains that the contract was sent to her "almost ready" for review therefore, she recalls having added a diplomatic waiving clause and another one in which the number of the performance bond was included.

Mrs. Jisell Castillo added that once the contract is sent to the Executive Directorate to be signed by the Executive Director, the same came ready with the signature of the representative of the company. (Folios 732-733)

Communication Notes and Answers

In order to obtain documents or judgment elements related to the events under investigation, there were sent communication notes to the people described below, in order to clarify their involvement:

RAMB000745

7 93

117

COMMUNICATIONS NOTE

| NOTE NO. | NOTE DATE | RELATED | STATUS | FOLIOS |
|---|---|---|---|---|
| 544-15-DIAF | 2/24/2015 | Roger Cerrud | Delivered On 3/25/2015 | 571-572 |
| 545-15-DIAF | 3/24/2015 | Eloy Alvarez De la Cruz | Delivered On 3/27/2015 | 567-568 |
| 546-15-DIAF | 3/24/2015 | Gioconda Torres de | 3/27/2015 | 569-570 |
| 547-15/DIAF | 3/24/2015 | Telma J. Patiño Zorrilla | Delivered On 3/26/2015 | 564-565 |
| 548-15/DIAF | 3/24/2015 | Giacomo Tamburelli | Delivered On 3/25/2015 | 560-561 |
| 549-15-DIAF | 3/24/2015 | Mirna Vallejos de Crespo | Delivered On 3/26/2015 | 562-563 |
| 555-15-DIAF | 3/26/2015 | Gustavo Pérez | Communicated 4/14/2015 | 720-721 |
| 559-15/DIAF | 3/30/2015 | Eleyda Pinto de Solis | Delivered On 4/7/2015 | 638-639 |
| 560-15/DIAF | 3/31/2015 | Demetrio Papadimitriu | Door Edict No.02-2015-DIAF | 708-709 |
| 561-15/DIAF | 3/31/2015 | Carlos Orillac | Does not live in the address supplied by the Electoral Court | 665-666 |
| 562-15/DIAF | 3/31/2015 | Marta Susana de Varela | Delivered On 4/23/2015 | 718-719 |
| 594-2015-DIAF | 4/13/2015 | Xenia Rodriguez | Delivered On 4/17/2015 | 660-661 |
| 610-15/DIAF | 4/21/2015 | Maria Esther de Atencio | Delivered On 4/27/2015 | 767-768 |

RAMB000746

794

118

Responses to Communication Notes:

Giacomo Tamburrelli

By Note w/n of March 27, 2015, Mr. Giacomo Tamburelli, Former Executive Director of the Social Investment Fund, presently the National Aid Program submitted his discharges.

He indicates that in his capacity as Executive Director of the Social Investment Fund, he, among his duties, had to execute the policies established by the Board of Directors.

In this regard, he added that the projects requiring the approval of the Board of Directors were submitted for his consideration, with the corresponding application of the beneficiary entity, properly formulated and substantiated.

He indicates that the applicant and beneficiary of the Project No.46429, was the Ministry of the Presidential Office and also the reports on the progress of the installation of equipment and training; periodic and final report, should be kept in the file that makes up the project or in the Treasury Department of the National Aid Program, as supporter of the collection voucher submitted by the company, or in lieu thereof, a copy thereof must be kept in the Administrative Directorate of the mentioned Ministry.

Mr. Tamburelli explains that it is an indispensable requirement to claim the payments the submittal of the notice of receipt to the satisfaction of equipment and services, so it should stand together with documentation supporting its process in the Ministry of the Presidential Office and the National Aid Program.

RAMB000747

795

119

Finally, he said that we should focus on two Financial and Special Audit reports issued by the Sectorial Department of Promotion and Prevention of Fraud Auditing of the National Directorate of General Auditing of the General Comptrollership of the Republic, which, as he explained were requested by him. (Folios 585- 619)

Telma Patiño

By interview rendered on March 30, 2015, Mrs. Telma Patiño summarized the procedure for the review of the supporting documents on the Social Investment Fund. She explains that once the auditor reviews the documents they are submitted to the Head of Auditing, who henceforth had the power to send documents for endorsement to the General Comptrollership.

Mrs. Patiño said that the signature appearing on the far left of the collection voucher without number of April 19, 2011, received at the Treasury Department of the National Aid Program belongs to her; moreover, that she cannot provide give us her opinion regarding the lack of some necessary requirements in this effort until she sees the original.

Additionally, she recognized the seal and signature stamped in her capacity as Auditor on the Note without number of February 7, 2011 (Confidential), sent by the company M.L.M. PROTECTION LTD. to the Presidential Office of Panama; on "INVOICE No: 201235 Contract # 045/2010 Project 46429", of January 15, 2010 sent to the Republic of Panama, Presidential Office and the Letter of Final Acknowledgment undated, wherein Gustavo Pérez, as Director of the National Police. She stresses to be surprised that the seal stamped does not bear with his printed name, because he usually always used it.

794

120

She added that all documents shown to her were copies and she cannot give a categorical answer until she sees the originals. (Folios 573-574)

Mirna Vallejos de Crespo

By Note without number of April 7, 2015, Mrs. Mirna Vallejos de Crespo indicated that on May 19, 2010, when the meeting of the Board of Directors was held at the offices of the Social Investment Fund, the Ministry of Education she was the Academic Vice-Minister. In this regard, she said that within that institution, in addition to her office, there is also an Administrative Vice-Minister that is why she does not know why she was entrusted to attend the meeting that day instead of the Administrative Vice-Minister.

She noted that Mrs. Lucy Molinar, Minister of Education, appointed her the same day to attend the meeting, on behalf of the Ministry of Education, so she was not informed about the agenda of the topics to be discussed.

She said that upon arriving at the meeting she was informed about the topics, which reached eight projects, which was the "Security Technology and provision of equipment and installation, training and maintenance of the same."

She explained that the project was exposed with very technical details, where it was emphasized the urgent need to acquire such equipment to the country's security and prevent hackers and other actions that could affect sensitive information, since groups or criminal organizations had advanced technologies that was affecting the country, placing in imminent danger the technological security of the population.

RAMB000749

797

121

She said that when requesting information on the legal feasibility of this project, she was informed that Executive Decree No.77 of May 16, 2008, specifically in Article 15 the Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS) was empowered to address issues of public safety.

Mrs. Vallejos de Crespo also said that she does not know why or who changed the name of the project from "Technological Security and Provision of Equipment and Installation, Training and Maintenance thereof" to "Provision of technological equipment, installation, maintenance and training services", which is reflected in the Contract No.045/2010.

She noted that the tasks assigned to her were restricted only to authorize the projects that were submitted, as stated in the Minutes 02/2010 (Folios 634-637)

Regarding Mrs. Mima Vallejos de Crespo, we believe that it is not attributable to link her with the irregular acts, since her involvement was limited to the approval of the project entitled "Technological Security, Provision of Equipment and Installation, Training and Maintenance thereof "in meeting of the Board of Directors held on May 19, 2010, to replace the incumbent Minister; moreover, that she was explained that said project was aimed at "the urgent need to acquire such equipment to the country's security and prevent hackers and other actions that could affect sensitive information," but she had no part in the administration of processing, awarding, payment, receipt and custody, object of the Contract No.045/2010.

RAMB000750

748

122

### Eloy Alvarez De La Cruz

To clarify his involvement in the review of the contract No.045/2010, as former Director of the Legal Department of the General Comptrollership of the Republic of Panama, Attorney Eloy Alvarez De la Cruz, by Note without number of March 30, 2015, requested Mr. Federico Humbert, General Comptroller of the Republic of Panama, a plain copy of Resolution 02/2010 of the Minutes of the Board of Directors of May 19, 2010 of the Social Investment Fund (Fondo de Inversión Social-FIS); Resolution No.076/2010 of June 29, 2010; Contract Sheet Movement; Note 909-Leg of July 23, 2010; Contract No.045/2010 and the Performance Bond. (Folio 640)

By note without number of April 6, 2015, Mr. Eloy Alvarez De La Cruz, explained that the review of the Contract No.045/2010, consisted of checking the qualifications needed for an administrative contracts, taking into consideration the basic contents of its clauses to abide by law, for instance, certain object and possible execution term, scope of contract, dispute settlement, complaints to be filed before the Court, performance bond of the compliance contractual execution, economic advanced (if any), diplomatic claim, resolution of the contract, criminal clause and others. (Folios 645-646)

He indicated that upon reviewing the complete documentation, he noted that it had already been examined by the Auditing Office of the General Comptrollership, under the Investment Fund, noting that at the time who audited the document in that office had objected to the contract for three reasons, which only related to the performance bond needed to be legally analyzed, since the other two reasons had no legal rule or source of law of the contract, for which reason, to be legally reviewed, they remained as a mere opinion, for which reason he advised the endorsement of the contract

RAMB000751

ᴣ˥˥

by informing the entity the endorsement of the performance bond, in order to affix the number of the contract to it.

He concludes by stating that the lack of numbering of the contract in the text of the performance bond did not constitute appropriate legal grounds for his objection that is why he proceeded to prepare the Note No.909-LEG of July 23, 2010, submitting the contract to the Social Investment Fund, with indication of the endorsement of the performance bond. (Folio 646)

Gioconda Torres de Bianchini

By Note without number of April 7, 2015, Mrs. Gioconda Torres de Bianchini, former General Comptroller of the Republic of Panama, indicated that in considering the application of the endorsement of a contract or a payment order by a government entity the Comptrollership is empowered by law to analyze the legal and economic reasons make it feasible the corresponding endorsement.

She explained that the entity submitting the review and analysis of the documentation to their different Directorates, each in its competence scope, however, if feasible for endorsement, the Office is so informed to act accordingly.

She indicated that in the case of Contract No.045/2010, it was sent to the General Comptrollership, via Auditing Office, under the Social Investment Fund, hence the documentation was processed with the flow and existing route and was subjected to review and analysis of the corresponding Directorates, so that finally the document was forwarded to her Office with the recommendation of endorsement accompanied by the transmittal note.

RAMB000752

124

With regard to the collection vouchers without number of April 19, 2011, for US$2,172,317.50, on behalf of the company MLM PROTECTION LTD. as well as the disbursements of transfers made in favor of the company NUNVAV INC. consequently, Contract No.045/2010, provides that this documentation also passed by the National Directorate of General Auditing, where the technical staff of the Central General Auditing Unit, after checking the same and found it in order, proceed to issue a Memorandum to be signed by the Director, wherein they explain the viability of the endorsement of such documents.

She concluded that the technical team advised the endorsement, respecting the legitimacy of administrative action both the collection voucher and bank transfers where the contractor authorized to deposit the payment by the contractual execution into the account and bank in favor of the company NUNVAV INC. (Folios 647-648)

With regard to the former Comptroller General of the Republic, Mrs. Gioconda Torres de Bianchini, it is warned that the documentation collected in the audit went through various levels of administrative review, before reaching her Office.

In that sense, both prior to signing instances, National Directorate of General Auditing and the Legal Department National Directorate, deemed feasible endorsement of documents and it was so recommended, for which she is not linked to this audit.

Roger Cerrud

To clarify his involvement in the review of the collection voucher without number of April 19, 2011, as well as transfers in favor of the company

RAMB000753

801

125

NUNVAV INC, as a result of the Contract No.045/2010, as former General Director of General Auditing of the General Comptrollership of the Republic of Panama, Mr. Roger Cerrud through note without number of March 30, 2015, requested Mr. Federico Humbert, General Comptroller of the Republic of Panama, a plain copy of all documents related to payments, invoices, Minutes of acknowledgment and other supportive documents. (Folio 642)

In this regard, on April 2, 2015, the following documentation is submitted:

1.   Lilibeth Florez´s desk single sheet, Secretary to the Superior Office of September 9, 2010,

2. Memorandum No.5226-2010-DFG of September 17, 2010.

3. Check Slip No.59513 of September 7, 2010.

4.   Note No.TE-N10-101 of August 30, 2010.

5. Memorandum No.8686-2010-DFG-UCEF of December 20, 2010.

6.   Check Slip No.59931 of December 13, 2011.

7.   Note No.TE-N10-151 of December 10, 2010.

8.   Memorandum No.5177-2011DFG-UCEF of May 9, 2011.

9.   Collection Voucher without number, date of receipt of April 19, 2011 for US$2,172,371.50.

10.   Slip check No.60466 of April 29, 2011.

11.   Note No.TE-N11-08 of April 29, 2011.

RAMB000754

126

12.   Note without number of February 7, 2011 (Confidential), issued by MLM Protection Ltd.

13.   INVOICE NO. 201235 Contract # 045/2010 Project 46429. (Folios 643-644)

On April 7, 2015, by Note without number, Mr. Roger Cerrud explained that according to the process flow established, the entity sent for review and analysis of documentation to the office under the Social Investment Fund in which it was reviewed and submitted to the Office of the Comptroller pursuant to existing delegations.

He indicates that the technical team of the Central Auditing Unit of the General Auditing Directorate, reviewed and checked the records as requested and this unit prepared the Memoranda to be sent to the Office with relevant comments, so his involvement in the process was the signature of the Memoranda No.8686-2010-DFG-UCEF and No.5177-2011-DFG-UCEF of December 20, 2010 and May 9, 2011, respectively. (Folio 652)

Gustavo Pérez

On April 14, 2015, we went to El Renacer Prison, to deliver the Communication Note No.555-15-DIAF of April 6, 2015, and inform Mr. Gustavo Pérez regarding information related to him. Mr. Gustavo Pérez said that he would contact his lawyer, for the purposes to pick up the note to the Office of the General Comptrollership of the Republic, since he indicated he was willing to cooperate with the request. (Folio 722)

However, at the closing date of this audit report, the Note No.555-15- DIAF of April 6, 2015 has not been picked up.

RAMB000755

127

Demetrio Papadimitriu

On April 17 and 20, 2015, Note No.560-15-DIAF of April 6, 2015, was delivered to Mr. Demetrio Papadimitriu, to inform him of the auditing conducted in question, however, he was not at his home, which we left twice with the security officer of the building, headband with address information and telephone numbers to contact the auditors. (Folios 710-711)

On April 21, 2015 the note in question was again delivered to Mr. Demetrio Papadimitriu, however, he was not at home.  Due to this situation, it was attached a Door Edict identified with number 02-2015-DIAF. (Folio 712)

On May 4, 2015, Mr. Demetrio Papadimitriu sends notification indicating where "I was personally served of Resolution No.24-2015-DIAF of January 15, 2015. (Folio 817)

Later that same day, also by note with number of January 4, 2015, he sends to his discharges as follows:

Mr. Demetrio Papadimitriu Bagatelas stated in his defense that it was not a specific function of the Minister of the Presidential Office, the delivery of progress reports relating to the delivery, installation and maintenance of equipment in accordance with the provisions of the Contract No. 45/2010, as the company was required to deliver to the Administrative Director or designee at the Ministry of the Presidential Office.

In this regard, he added that pursuant to Executive Decree No. 690 of July 22, 2010, the Social Investment Fund (Fondo de Inversión Social-FIS), had an obligation to audit  the purchase processes and contracts, in order that they comply with the legal procedures, for which reason, the Ministry of the

RAMB000756

128

Presidential Office is not even mentioned, so any administratively omission was the responsibility of that entity.

On the other hand, he indicates that it is public knowledge that in all the autonomous and semi-autonomous entities, the members of the Board of Directors are appointed by the laws governing these entities, so that as Secretaries of the same "they are responsible the issuance of reports, prepare agendas and discussion items of the respective Boards of Directors meaning that the Directors cannot change the agenda".

The Executive Director of the National Aid Programa (Programa de Asistencia Nacional-PAN), had the duty of issuing periodical reports for the Board of Directors, so he could issue any concept if the issue was not scheduled by the Executive Director of the National Aid Program (Programa de Asistencia Nacional-PAN) and it is not for the Minister of the Presidential Office to request them.

In addition to the above, he explains that when he was the Minister of the Presidential Office, he had no personal involvement in the process of issuance of the list of charges, purchase procedures, preparation and execution of the Contract No.045/2010 therefore, the following may be concluded:

"1.   During the period 2009-2012, when I was the Minister of the Presidential Office, I had no involvement in the drawing up of the contract neither in the execution thereof;

2.   The law does not assign to the Directors the role of guarantors, trustees or protectors of property acquired by the entity;

RAMB000757

805

129

3.   The installation progress reports, were an obligation of the company and administratively was the responsibility of subordinate officials that were delivered and appear in the auditing report " (Folios 818-821).

Carlos Orillac

On April 20, 2015, it was proceeded to visit to the home address of Mr. Carlos Orillac indicated by the Electoral Court, to deliver him the communication note No.561-15-DIAF of April 6, 2015.

However, in the visit to that address, it turned out that that residence was inhabited by a married couple, who said not to know Mr. Carlos Orillac. (Folio 667)

Eleyda P. de Solís

By note No.559-15-DIAF of March 30, 2015, Mrs. Eleyda P. de Solís, of her involvement as former Chief of Auditing of the General Directorate of the General Comptroller of the Republic, in the review of Contract No.045/2010 and collection voucher without number of April 19, 2011 for US$2,172,371.50, submitted on behalf of the company MLM PROTECTION LTID. (Folios 638-639)

Subsequently, by note without number of April 13, 2015, Mrs. Eleyda de Solís requested copies of these documents, plus an extension of time to give her answer, however at the closing date of this report, she has not picked up copies of the documents requested neither has personally appeared to clarify her involvement in the events under investigation. (Folio 814)

RAMB000758

806

130

Xenia Rodríguez

In a note without number of April 24, 2015, Mrs. Xenia M. Rodríguez C., replied to the Note No.594-2015-DIAF of April 13, 2015, in which she said that according to the Law, the Management is responsible for the custody of documents and for it establishes procedures to be met against loss, in addition to the procedure to follow for subsequent replacement. In this regard, she indicates that when she ceased working for the National Aid Program (Programa de Ayuda Nacional-PAN), she left with the certainty of the effectiveness of controls related to the filing and recording of documents, ruling out that situations such as loss of public documentation could happen.

In addition to the above, she informs that the Social Investment Fund (Fondo de Inversión Social-FIS), presently National Aid Program (Programa de Asistencia Nacional-PAN), according to Decree No.77 of May 16, 2008, effective on the date of the contract entered into with the company MLM PROTECTION LTD, it was established to expeditiously execute programs to give immediate response to the needs of the population, with the intention of improving the quality of life of citizens and provide social aid to the extreme needy population.

She added that the project in question was supported by the Minister of the Presidential Office in his capacity as President, as stated in the Resolution No.02/2010 of the Board of Directors of May 19, 2010, as follows:

"That the Minister of the Presidential Office, acting as Chairman of the Board of Directors explained the importance of the aforementioned projects, since with the execution thereof, social needs will be addressed by improving the quality of life of needy people.

RAMB000759

307

131

Upon listening to the presentation by the Chairman of the Board of Directors, each of the members present could analyze and review the documents pertaining to the mentioned projects, as well as the importance and positive impact in the different provinces."

From the above it is understood that the supporting project documents were duly presented and discussed by the members of the Board of Directors, who endorsed it under the procedure of the Executive Decree that regulates the entity. In that sense, added that it has drawn her attention to the scarce documentation given to her the Contract No.045/2010 is not countersigned by her, as she usually does on all documents she process or reviews.

On the other hand, she points out that the General Comptrollership of the Republic endorsed the contract of July 23, 2010, for which reason, she assumes that it must have met all requirements and documents required for the processing of this type of contract because she has no information as to the existence of rectifications or remarks by the auditors of the General Comptrollership of the Republic.

Moreover, she indicates that with regard to the form contained in the copies that were handed to her the budgetary line (0.03.1.1.001.27.01.171) is identified as the Ministry of the Presidential Office, according to the Manual of Public Expenditure Budget Classifications.

As for the registration of the company in the Bidders Registry of the Social Investment Fund, she refers us to the contents of Memorandum No.DAM-755-2010 of May 26, 2010, signed by the Managing Director of the Ministry of the Presidential Office, stating therein the following:

808

132

"To continue with the appropriate procedure, we are pleased to send documentation of the company MLM PROTECTION LTD (Israel), for the corresponding recording in the Social Investment Fund (Fondo de Inversión Social-FIS)."

According to Lawyer Xenia M. Rodríguez C., in May, the company registration was pending, as indicated in the above transcribed document so that the said process had begun before the issuance of the Memorandum No.DAM-755-2010 of May 26, 2010.

Given the above, she points out that on the date of issuance of the notice of invitation FIS/AL/N10/452 of June 25, 2010, the company already had its documents in the Bidders Registry of the Contracts Department of the Social Investment Fund (Fondo de Inversión Social-FIS), therefore, she does not know why is it not recorded on June 29, 2010.

Finally, she states that when a direct invitation is extended it is not included in the note inviting the requirements or conditions to be met by the goods or services to be hired, because since given the complexity of the technical specifications, this is done through a document attachment or by electronic means (CD), the latter document becomes the list of charges containing the specifications and that becomes part of the contract. (Folios 805-813)

María Esther de Atencio

On April 27, 2015, Lawyer María Esther de Atencio, when interviewed she told    us, that the signature of the Treasury Department appearing in the collection voucher without number of April 19, 2011 for US$2,172,371.50 is

RAMB000761

809

133

hers, in the meantime, she is informing us reports that the authorization signature is Giacomo Tamburelli's.

With regard to the considerations that were taken by the Treasury Department, to issue check No.60466 and bank transfer request made by the note No.TE-N11-08 of April 29, 2011, for US$ 2,172,371.50, for the last payment of the Contract No.045/2010, which among the supporting documents were attached, an undated note and logo of the entity, called "Letter of Final Acknowledgment", whose firm received indicated the name of the General Director of the National Police, Gustavo Pérez, without the signature of an authorized official form the warehouse to check said receipt as well as bill "INVOICE No.201235 of January 15, 2010, which issuance date backs up a payment of 2011, she indicates that usually in her department they rely on a check list to check the compliance with all the requirements for the processing of payment.

Mrs. María Esther de Atencio, indicates to us that she does not know the reasons why they did not have the authorization of a credit transfer from the Ministry of Economics and Finances (Ministerio de Economía y Finanzas-MEF) or a formal note of the Social Investment Fund (Fondo de Inversión Social-FIS), transfers listed in notes No.TE-N10-101 of August 30, 2010, No.TE-NIO-151 of December 10, 2010 and No.TE-N11-08 of April 29, 2011, made in favor of the company NUNVAV INC, even if the contract No.045/2010 formalized a relationship with the company MLM PROTECTION LTD.

Finally she told us that the original documents supporting the operations of the period, once her department made the disbursements were safeguarded in the Accounting Department. (Folios 769-771)

RAMB000762

134

Marta Susana de Varela

On April 29, 2015, by note without number Mrs. Marta Susana de Varela, indicates that the Social Development Minister Mr. Guillermo Ferrufino, told her that in her capacity as Vice-Minister of Social Development, she had to attend on his behalf the extraordinary meeting of the Social Investment Fund (Fondo de Inversión Social-FIS), on May 19, 2010, the day of the meeting, without formality and minutes before it began the same, without being provided with "the agenda" or "Agenda of the meeting ".

When she showed up at the extraordinary meeting of May 19, 2010, the Agenda was read, pursuant to which eight (8) projects would be submitted for consideration, including as a last project was the Security and Technology provision of equipment and installation, training and maintenance thereof.

She said that this project was explained with particular emphasis on that for reasons of security of the country, it was urgently needed the acquisition of the equipment, to avoid the so-called hacking of emails and information from the State, and thus prevent that sensitive information and confidential would be affected. At the meeting it was explained that criminal organizations had most advanced technological means and equipment, than that Panama had meaning a danger to the technological security of the population.

She said that upon listening the explanation of the project and facing its staff lack the technological issue, she considered prudent to be further explained of the legal grounds empowering the Director of the Social Investment Fund to carry out the same, and at the request of other members of the Board of Directors, it was informed that Article 15 of Executive Decree No.77 of May 16, 2008, empowered him to address issues of public safety.

RAMB000763

811

135

She said that at the end of the presentation of topics, permanent and non-permanent members of the Board involved approved the project in question as it appears in the Minutes No.02/2010 of May 19, 2010.

She reiterates her support to the meeting of the Board of Directors was for Mr. Guillermo Ferrufino delegation, since he could not attend the meeting, which she was ordered to attend it at short notice and without delivering the order or agenda of the meeting for that reason her participation was only limited to the approval of that project as it was submitted for consideration at the meeting of May 19, 2010, without any interference in the selection procedure of contractor used to award and much less in the drawing up or signing of the contract No.045/2010. She was sent any report whatsoever of the development of that project since she was not a permanent member of the Board of Directors of the Social Investment Fund, therefore, it was impossible to follow up, control or audit this project.

She did not know the reasons why the project was approved at the meeting held on May 19, 2010, and contained in the Minutes No.02/2010, much less who ordered such modification, she points out that project she approved appears in the Minutes No.02/2010.

Additionally, Mrs. Marta Susana de Varela provided copies of affidavits of property, copies of decrees and Minutes of Appointment and swearing in, copy of letter of resignation as Vice-Minister and copy of the Minutes of the meeting of the Board of Directors No.09/2010 (Folios 778-802)

Regarding Mrs. Marta Susana de Varela, we consider that it not attributable to link her with the irregular acts, since her involvement was limited to the approval of the project entitled "Security Technology, equipment provision

RAMB000764

B 12

and installation, training and maintenance thereof "in the meeting of the Board of Directors held on May 19, 2010, in lieu of the incumbent, in which it was explained that it was the acquisition of an equipment "to avoid the so-called hacking of emails and information from the State and thus prevent sensitive and confidential information from being affected," but she had no involvement in the administration of the processing, awarding, payment, receipt and custody, object of the Contract No.045/2010.

## V. IDENTIFICATION OF THE PARTIES LINKED

This audit linked the people whose general information is as follows:

Name: Gustavo Pérez de la Ossa

Personal Identity Card No.: 2-94-1490

Position: Former Director of the National Police

Amount: US$10,861,857.48

He was linked in his capacity as former General Director of the National Police, in accordance with the receipt of the technological equipment, installation and training services; and custody of the said equipment under contract No.045/2010, signed by the Social Investment Fund (presently National Aid Program) (Fondo de Inversión Social-FIS/actualmente Programa de Asistencia Nacional-PAN)  and the Israeli company MLM PROTECTION LTD., because in the documents identified as "Letter of Acknowledgment" and "Final Letter of Acknowledgment", an illegible signature and beneath the name, identifying the position of General Director of the National Police is

RAMB000765

noted, as the person who received from that company, the goods and services detailed above.

These documents were obtained from various external sources to the National Aid Program (Programa de Ayuda Nacional-PAN) such as the Ministry of the Presidential Office, the company Seguros Suramericana SA, the General Comptroller of the Republic and the residence of Mr. Perez, located in the district of Balboa, Brisas de Amador block No. 4, Apartment 1, the latter being the subject of a breaking, entry and search procedure on January 22, 2015, by the Auxiliary Prosecution Office of the Public Ministry which there were obtained "... a box large gray plastic, and cardboard box, with various public documents... ", which was later the subject of an Eye Witness Inspection Procedure on January 23, 2015. (Folios 744-750)

Additionally, there were found emails in his residence, which read in the same, that the senders are Mr. Carlos Orillac, former Managing Director of the Ministry of the Presidential Office (corillac @ presidencia.gob.pa) and Botzer Sharon (sharon@dmlm-protection.com), addressed to Gustavo Pérez (gperez @policía.gob.pa and direccionsecre2@policía.gob.pa), in which case referred to a "Letter of Acknowledgment MLM (PAN)", where Mr. Botzer Mr. Gustavo Perez asked him to sign the letter to be sent to Carlos. (Folios 132-134, 256-257)

Likewise, in the place where resides Mr. Pérez de la Ossa, an English copy of a proposal was located, sent on March 2010 by the company M.L.M. PROTECTION LTD. addressed to the "Presidential Office-Panama" and to the "Police-Panama" which upon translated into Spanish is called "Intelligence Technology" drawn up by Sharon Botzer Co Executive President and Director of the company, which has great similarities with the Contract

814

138

No.045/2010 signed between Mr. Giacomo Tamburrelli, Legal Representative of the Social Investment Fund (Fondo de Inversión Social-FIS) and Mr. Ofer Bar, Legal Representative of the company M.L.M. PROTECTION LTD. which does not bear the signature date, however, it was endorsed by Mrs. Gioconda de Bianchini, former General Comptroller of the Republic. (Folios 369,189, 370, 193, 371, 196, 197, 372, 211, 374, 235, 376, 241).

We must point out that given the status of deprived of freedom of Mr. Gustavo Pérez De la Ossa, a procedure was conducted on the facilities of El Renacer prison, in order to hand over to him the communication Note No.555-15-DIAF of April 6, 2015, whereby he is giving the chance to submit the judgment elements that he may deem necessary to clarify his involvement in the receipt and custody of the goods and services related with the Contract No.045/2010; however, as indicated that upon instructions of his lawyer, he would not receive the note in question, so upon prior explanation of the facts charged against him, the procedure was adjourned with the issuance of the Minutes signed by the witness, being understood that he was informed of the auditing in progress.

Afterwards, in the Investigations and Forensics Auditing Directorate of the General Comptrollership of the Republic, it was received on April 29, 2015, a Power of Attorney granted by Mr. Gustavo Pérez in favor of Attorney Armando Fuentes Rodríguez and the law firm FUENTES & RODRIGUEZ LAW FIRM, in order that Attorney Fuentes could process the pertinent actions. That same day, it was received in the aforementioned institution, a "request of copies and authorization"; however, on the date of closing of this auditing, the lawyers have not appeared to pick up the requested documents, even though they were contacted over the telephone. (Folios 803-804).

RAMB000767

8/5

139

Name:            Giacomo Tamburrelli

Personal ID:     N-15-729

Address:         Camino de Cruces, Clayton, House B-10

Position:     Former Executive Director of the Social Investment Fund (Fondo de Inversión Social-FIS), afterwards, National Aid Program (Programa de Ayuda Nacional-PAN).


Mr. Giacomo Tamburrelli is linked in his capacity as Executive Director of the   Social Investment Fund (Fondo de Inversión Social-FIS), afterwards, National Aid Program (Programa de Ayuda Nacional-PAN), for the lack of application   of   controls   in   the   administrative   process   of awarding, receipt, payment and custody of the technological equipment, as well as by the absence in the request of technical reports that would allow the supervision, evaluation and results of the project.


Name:            Demetrio Papadimitriu

Personal ID:     8-413-648

Address:         San Francisco, Via Cincuentenario, Vision Tower Building, Apartment 21

Position:     Former Ministry of the Minister of the Presidential Office/ President of the Executive Council


Mr. Demetrio Papadimitriu is linked in his capacity as President of the Board of Directors of the Social Investment Fund (Fondo de Inversión Social-FIS), (afterwards, Board of Directors of the National Aid Program (Programa de Ayuda Nacional-PAN), during the period when the Contract No. 045/2010,

RAMB000768

814

140

subscribed between Mr. Giacomo Tamburrelli, former Director of the
National Aid Program (Programa de Ayuda Nacional-PAN) and the Israelite
Company M.L.M. PROTECTION LTD. was processed for the "Provision of
Technological Equipment, installation, training and maintenance services" for
US$13,475,000.00, since he did not request to the Executive Director of the
Social Investment Fund (Fondo de Inversión Social-FIS), the periodical
reports about the execution of the referred contract.


Name:              Carlos Orillac

Personal ID:       8-238-445

Address:           Pueblo Nuevo, Villas de las Lomas, House No.1

Position:     Administrative Director of the Ministry of the Presidential Office


Mr. Orillac is linked due to the fact that, as Administrative Director of the
Ministry of the Presidential Office, he did not request to the Israeli company
M.L.M. PROTECTION LTD. the technical reports of progress of the
installation of the technological equipment and the training services, in
accordance with the fifth clause of the Contract No.045/2010, which is framed
within his duties as Administrative Director of the Ministry of the Presidential
Office.


Also, he is linked because in his capacity as Administrative Director of the
Ministry of the Presidential Office he requested budgetary funds, specifically
the transfer from the budgetary entry of the Ministry of the Presidential
Office, for US$2,695,000.00 to the budgetary entry 0.03.1.1.001.24.01.171 of
the National Aid Program (Programa de Ayuda Nacional-PAN) "With the

RAMB000769

817

141

purpose of taking care of the Consultancy Contract No.45/2010 and at the same time acquire high technology intelligence equipment, for the Security Council".

Additionally, he is linked with the processing of a "Letter of Acknowledgment" of the Technological Equipment, used with Seguros Suramericana, to carry out the processes pertaining to the bonds, even though this document was lacking the date of the issuance thereof, logo of the National Police, which he indicated he was receiving it, neither with the signature of any official of the warehouse of the National Aid Program (Programa de Ayuda Nacional-PAN), that would approve said action.

Likewise, in the residence of Mr. Gustavo Pérez De la Ossa, there were found emails which as read, the senders were Messrs. Carlos Orillac, former Managing Director of the Ministry of the Presidential Office (corillac@presidencia.gob.pa) and Sharon Botzer (sharon@mlm-protection.com), addressed to Gustavo Pérez (gperez@policia.gob.pa and direccionsecre2@policia.gob.pa) in which the item "Subject", made reference to "LETTER OF ACKNOWLEDGMENT MLM (PAN), in which Mr. Botzer requested Mr. Gustavo Pérez to sign on his behalf to be sent to Carlos. (Folios 132-134, 256-257)

142

| | |
|---|---|
| Name: | Roger Cerrud |
| Personal ID: | 7-85-390 |
| Address: | San Miguelito, Brisas del Golf |
| Position: | Former Director of General Auditing |
| | of the General Comptrollership of the Republic |

Mr. Roger Cerrud is linked as Former Director of General Auditing of the General Comptrollership of the Republic, for having granted based on the checking, the viability of the signature of the disbursements made by wire transfers made in favor of the company NUNVAV, INC. as a consequence of the Contract No.045-2010, which did not have the previous authorization in writing of the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), as provided under the ninth clause of said contract.

Mr. Roger Cerrud neither had the authorization from the Ministry of Economics and Finances to the company M.L.M. PROTECTION LTD., as confirmed by means of the note DS-SG-N-No.067 of March 4, 2015, Mr. Dulcidio De la Guardia, Minister of Economics and Finances, failing to comply with the provision of Resolution No.001 of August 23, 2007, whereby the Resolution No.005 of August 20, 2002 is amended, about the Credit Transfers that must be addressed by the Contractors or Suppliers of the Central Government to the Ministry of Economics and Finances.

RAMB000771

| | |
|---|---|
| Name: | Eloy Álvarez De la Cruz |
| Personal ID: | 8-391-346 |
| Address: | Calidonia, Poli Building, Apts. 1017-1018 |
| Position: | Former Director of the Legal Department of the General Comptrollership of the Republic |

Mr. Eloy Álvarez is linked as Former Director of the Legal Department of the General Comptrollership of the Republic for granting the viability of the signature of the Contract No.045/2010, even when there were objections made from the auditing official of the General Comptrollership of the Republic, Mrs. Yurisam Otero, in which there were expressed inconsistencies to the same, which do not appear that have been consulted with her; as well as by the existence of inconsistencies in the constitution and submittal of the performance bonds that represented the guarantee of the contract, in contravention with the legal provisions of Decree No.317-Leg of December 12, 2006, whereby the bonds to be issued to guarantee the contractual obligations of the State and their models are established, are regulated.

| | |
|---|---|
| Name: | Xenia Rodríguez |
| Personal ID: | 4-123-894 |
| Position: | Former Chief of the Legal Department Office of the Social Investment Fund (Fondo de Inversión Social-FIS) – National Aid Program (Programa de Ayuda Nacional-PAN) |

Mrs. Xenia Rodríguez is linked in her capacity as Former Chief of the Legal Department of the Social Investment Fund (Fondo de Inversión Social-FIS),

820

144

afterwards National Aid Program (Programa de Ayuda Nacional-PAN), with the processing of the direct invitation extended by her office on June 25, 2010, to the company M.L.M. PROTECTION LTD. to submit its proposal in the selection process of the Project No.46429, even though said company was not recorded in the Bidders Registry of the Procurements Department of the Social Investment Fund (Fondo de Inversión Social-FIS). The company, according to confirmation made by Engineer Rafael Stanziola, Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN) was recorded on June 29, 2010, under the code 10282210, in contravention with the provision of Article 13 of the Executive Decree No.77 of May 16, 2008.

Name:          María Esther de Atencio

Personal ID:   7-110-418

Position:      Former Chief of the Treasury Area of the      Social
               Investment Fund (Fondo de Inversión Social-FIS) –
               National Aid Program (Programa de Ayuda Nacional-
               PAN)

She is linked due to her capacity as Former Chief of the Treasury Area of the of the Social Investment Fund (Fondo de Inversión Social-FIS), afterwards National Aid Program (Programa de Ayuda Nacional-PAN), with the processing of the disbursements made by means of wire transfers made in favor of the company NUNVAV, INC., as a consequence of the Contract No.045/2010, which did not have the previous authorization in writing of the Executive Director of the National Aid Program (Programa de Ayuda Nacional-PAN), as provided under the ninth clause of said contract.

RAMB000773

Neither as well, with the credit transfer authorized by the Ministry of Economics and Finances, to the company M.L.M. PROTECTION LTD., as it was confirmed by means of note DS-GS-N-No.067 of March 4, 2015, Mr. Dulcidio De la Guardia, Minister of Economics and Finances, failing to comply with the provision of the Resolution No.001 of August 23, 2007, whereby the Resolution No.005 of August 20, 2002 is amended, about the Credit Transfers that must be addressed by the Contractors or Suppliers of the Central Government to the Ministry of Economics and Finances.

| | |
|---|---|
| Name: | Telma Patiño |
| Personal ID: | 8-178-385 |
| Position: | Auditor of the General Comptrollership of the Republic of Panama |

She is linked in her capacity as Auditor of the General Comptrollership of the Republic for her involvement in the review of the "Final Acknowledgement Letter", which was accepted as supportive in the last payment of the wire transfer made on May 12, 2011, for US$2,172,371.50, even when the same did not show the date of issuance, nor logo of the entity receiving the installation and training services, subscribed in the Project No.46429, Contract No.045/2010, as well as without the authorized signature of an official from the National Aid Program (Programa de Ayuda Nacional-PAN) to check the same, additionally, in the review of the invoice No.201235 dated January 15, 2010, which was used for the submittal of the last payment into the contract in question, made in 2011.

RAMB000774

822

146

(Sgd)  Iris Pérez Saavedra

(Sgd)  Amadelis Valderrama

IRIS PÉREZ SAAVEDRA

AMADELIS VALDERRAMA

Supervisor

Auditor

Authorized Public Accountant

Authorized Public Accountant

(Contadora Pública Autorizada-CPA)

(Contadora Pública Autorizada-CPA)

No.6644

No.045-2011

GENERAL COMPTROLLERSHIP
SENIOR DIRECTORATE
TRUE COPY OF THE ORIGINAL THEREOF
This document has 906 folios.
MAY 5, 2015
(Sgd)  (Illegible)
GENERAL SECRETARY

(There appear seals reading as follows:   REPUBLIC OF PANAMA----
JUDICIAL BRANCH---7th CRIMINAL CIRCUIT COURT OF PANAMA---
PANAMA).

==========================

The foregoing is a translation into English of
the document written in Spanish attached
hereto.

Panama, March 22, 2016

VILMA WONG DE VERGARA
Certified Public Interpreter
Resolution No. 145
of May 20, 1992

*Vilma Wong de Vergara*

Vilma Wong de Vergara, Esq.
Personal Identity Card No.5-8-297

RAMB000775