# ATTACHMENT I

# STATEMENT FROM
# ROBERTO J. MORENO

I, Roberto J. Moreno, make the following statement:

- I am a Panamaian citizen, attorney with license No. 4060 to practice law in the Republic of Panama since the year of 1998. My law firm, Moreno Rigau & Asociados, has its offices in the City of Panama, Republic of Panama. I am a University professor at the Catholic University of Santa Maria la Antigua (*Universidad Católica Santa María la Antigua (USMA)*) and the University of the Americas (*Universidad de Las Américas (UDELAS*) and in both, cases, I teach the Criminal Accusatory System, in the areas of de Oral Litigation, Criminal Investigation and Transnational Organized Crime. From the year of 1997 to the year of 2016, I worked in the General Prosecutors Office of the Nation, exercising progressively different positions, having had the last position as National Prosecutor Against Organized Crime. Panamanian Prosecutors lead the investigation of offenses and prosecute these cases in trial. I obtained my Bachelor in Law and Political Sciences from USMA in 1998. In the year 2009, I obtained a Masters in Law (LL.M.) with a specialization in International Human Rights, in the United States of America in the prestigious American University Washington College of Law, Washington D.C., thanks to a Fulbright Scholarship from the State Department of the United States of America, and in addition I possess a Masters in Criminology from the University of Panama.

- This legal opinion has been requested by the attorneys who represent RICARDO MARTINELLI BERROCAL in a process of extradition.

- I have been asked to refer to a statement given on the 23rd of January of 2017, by a person who is identified as ISMAEL PITTI, from whom I have read, as well as part of the documentation that accompanies the request of extradition, and for which I can manifest the following.

- The offenses of embezzlement for which RICARDO MARTINELLI is being accused of, are regulated by Articles 338 and 341 of the Penal Code (CP) of Panama.

    "Article 338 CP. The public servant who subtracts or misappropriates in any way, or consents that another appropriates himself or herself, subtracts, or misappropriates in any form, moneys, assets or properties, whose administration, perception, or custody have been entrusted by virtue of his or her position, will be sanctioned with imprisonment from four to ten years. If the amount appropriated is above the sum of one hundred thousand balboas (B/100,000.00) or if the moneys, assets or properties appropriated were destined for programs of social development or assistance, the penalty shall be from eight to fifteen years of prison."

    "Article 341 CP. The public servant who, for purposes outside the scope of his or her service, uses to his/her or other's benefit, or allows that another uses moneys, assets, or properties, which are under his or her custody by virtue of his or her functions, or that are

{EXPERT OPINION - 3 OF 3 MORENO. 1}  1

under his or her responsibility, will be sanctioned with imprisonment from one to three years, or its equivalent in day-fines, or weekend-only arrest days. The same punishment will be applied to the public servant that utilizes works or official services in his/her benefit, or that allows another to do so."

- These offenses, to be proven, require, in the first place for the qualification of the accused as public servant and that the assets, monies, or securities substracted, misappropriated, or miused, in addition to being property of the State, that these were under his or her responsibility, administration, guardianship, or custody.

- Regarding the particulars, the Supreme Court of Justice Plenary dictated explicative decisions of the forms. We can mention the decision of the 8th of August of 2003, before the Magistrate Judge Aníbal Salas, in a constitutional proceeding of Habeas Corpus entered in favor of Víctor Castillo, in which the different forms of embezzlement are listed:

  > "DIFFERENT FORMS OF EMBEZZLEMENT:
  > 1. <u>Embezzlement by Subtraction of Missappropriation</u>: In this case, the active party is qualified, who must be a public servant, and the passive party is the State, for being the owner of the protected judicial asset. A relationship must be made between the public servant and the moneys or assets that were subtracted or misappropriated. This means that in the attributions of the public servant, must be those of administering, being custodian, or having the perception of such, and if the person who performs the act does not have this function, he or she does not qualify as the author of the embezzlement.
  >
  > ...
  >
  > 4. <u>Embezzlement of Use</u>: In this form of embezzlement, according to author Jesús Bernal Pinzón, "the subject limits himself or herself to arbitrarily utilize the public assets held under his or her care, not with the intention of keeping it indefinitively, but rather, on the contrary, to return them. In this case, there must exist the intent of the agent of the purpose of returning the asset that is being arbitrarily used ". In this same order, regarding the embezzlement of use, the author Francisco Ferreira notes: "in the structural nucleus of the embezzlement of use, it is obvious that the official employee who comits this act to improperly use the entrusted asset, abusing the functions that were attributed to him or her, whereas a functional abuse takes place".

- The statement of ISMAEL PITTI establishes that the assets that were supposedly the object of the embezzelment, were under the custody of PITTI himself, and of Mr. RONY RODRIGUEZ and Mr. WILLIAM PITTI, in the second floor of Building 150, where the National Security Council was located, not in the presidency, in other words, excluding RICARDO MARTINELLI BERROCAL of the possibility of committing such an offense.

- On the other hand, in reviewing the written accusation and the records of the investigation file, this statement does not appear listed as evidence that can be utilized in trial, neither does the file of the investigation, what is not a lawful evidence.

- Article 17 of the Code of Criminal Procedure establishes the validity of evidence. The same must have been obtained by lawful means and brought before the judge. In similar terms, Article 381 of the Code of Criminal Procedure pronounces.

  "Article 17 CPP.: Validity of Evidence. The evidences obtained by lawful means and obtained before jurisdictional entities are the only ones that have value. Evidences obtained by means of torture, threats or the violation of the fundamental rights of persons, neither those obtained based on information originated through an unlawful procedure."

  Article 381 CPP: Unlawful Evidence and Rule of Exclusion. Evidences obtained without observing the forms and conditions established in this Code or that imply the violation of rights and guarantees of, the indicted, provided in the Political Constitution, the international treaties ratified by the Republic of Panama, and this Code, will not have value nor will serve to surmise or underpin a judicial decision.

- The statement by ISMAEL PITTI dated the 23rd of January of 2017 has not been incorporated to the records of the investigation, violating the right consecrated in numeral 16 of Article 93 of the Code of Criminal Procedure.

  "Article 93 CPP: Rights of the Indicted Person. The indicted person will be assured all the rights established in the Political Constitution, the human rights international treaties and convenants ratified by the Republic of Panama, and the laws, from the initial proceeding directed against someone, up until the conclusion of the process. Among these, are the following:

  ...

  16. Have access ot the proceedings, the documentation, or the elements of evidence, and present the evidences that enforce his or her rights."

- The statement of ISMAEL PITTI dated the 23rd of January of 2017 was not taken in accordance to the proceedure established in the Code of Criminal Procedure. The interviews must be taken before the Prosecutor or investigator, for them to have probatory value, must be given orally before a judge, allowing the dissent of the adversary.

  "Article 320 CPP: Interview before an investigative agent. Every person summoned by the Public Prosecutors Office during an investigation will be obliged to appear and tell the truth of what is known and to what is asked. If the summoned person does not appear without good cause, an order of detention can be made. The restriction of freedom cannot be prolonged for longer than the duration of the diligence. The Prosecutor must inform the person about his or her right to not incriminate self, his spouse, or partner, or his or her relatives up until the fourth degree of consanguinity or second degree of kinship."

- In order for a means of evidence to be able to be incorporated to a trial and have value by the Tribunal, the intermediary phase of the discovery and probatory notice must be announced. This is established by Articles 340 and 346 of the Code of Criminal Procedure. We have reviewed the Prosecution Report and the Prosecutor DID NOT MAKE A DISCOVERY in opportune time of the statement de ISMAEL PITTI and cannot argue the lack of knowledge of the same, to include it as evidence, and was not announced in opportune time as under the norms of Article 385 of CPP, since it is being invoked in the process of extradition, for which he knows of its existence.
"Article 340 CPP: The Accusation. When the Public Prosecuter regards that the investigation provides grounds to submit the indicted to public trial, he or she will present to the Judge of Guarantees the accusation, requesting the opening of a trial process. The accusation will only be able to refer to the facts and persons included in the formulation of charges, even if a different judicial qualification is made, and must contain: 1. The facts that will serve to identify the accused person or persons. 2. The precise relationship and circumstances of the punishible acts, and their judicial qualification. 3. The participation that is being attributed to the accused, with the expression of the elements of conviction vinculated to the accused. 4. The penalty being solicited in the request. 5. The notice of evidence, presenting the list of witnesses and expert witnesses, indicating name, occupation, and residence, except in the cases indicated in the numerals 1, 2 and 3 of Article 332, in which the identification data of the witnesses and expert witnesses will be submitted in a sealed envelope; nevertheless, the identity may be known to the defense. Documents or reports will also accompany these, and the material evidence that will be presented on trial will be announced. Together with the accusation, the Prosecutor must leave copies of the investigation records to the accused or to his defense counsel in Court. The means of evidence will be offered with an indication of the facts or circumstances that the Prosecutor expects to prove."
"Article 346 CPP: Announcement of Evidence. In the formulation of charges, the Prosecutor will reveal to the defense counsel the evidence offered. The defense counsel may request the Judge of Guarantees the discovery of other evidences of which the Prosecutor has knowledge of, who must announce, exhibit, or submit copies to the defense counsel within three days following the hearing. Defense counsel is obliged, if he is going to present evidence in trial, to announce, exhibit, or submit copies of these to the Prosecutor within the three days following the hearing. There is no obligation to reveal information derived from constitutional priviledges nor of other facts to the accusation neither work-related files of preparation of the case by the Prosecutor or the Defense Counsel, if it does not constitute evidence, nor the information reserved for the security of the State. What is disposed of in this Article also applies to evidence presented by the vitcim, the third party that is affected, and the third party that is liable."

"Article 385 CPP: Opportune Unsolicited Evidence. Via the petition of one of the parties, the Court may order the receipt of evidences had not been opportunely offered, when the lack of knowledge of such, up until that moment, justifies such action.."

- The reading of interviews in a trial can only be done to refresh the memory of a witness, or to bring to light contradictions. In these cases, only interviews that have been taken

before the Prosecuter or before the Police can be used, according to the provisions in Article 401 of CPP. Given that ISMAEL PITTI was not announced as a witness, this interview cannot be introduced in court.

"Article 401 CPP: The reading to aid memory in the oral trial. When it is necessary to assist the memory of a witness or an expert witness, when this person is providing a statement, or to demonstrate or to overcome contradictions, or to request the pertinent clarifications, part or parts of their statements given before police or Prosecution entities or the Judge of Guarantees, may be read in the interrogation or cross-examination. With the same objectives, part of the report that the expert witness has elaborated, can be read."

- A suitable proof to establish an offense of embezzlement consists of an Official Report from the Comptrollers General Office of the Republic, in which the issue of whether the asset, securities, or moneys belonged to the state, must be established, and the damage or loss must be quantified, as well as which person or persons were responsible for the custody of such asset. It is noteworthy that the Attorney General's prosecution report noes not note any Comptrollers General Office Report or any other type of report to substitute the same, whereas in my opinion, an embezzlement case could not be able to be proven in trial, since there is no other opportunity to do so.

- In view of the fact that the document or affidavit submitted by ISMAEL PITTI is not listed as part of the invetigation records, and was not announced in opporture time as evidence to be used in trial by the Prosecution to prove the theory of their case, it does not form part of the process and its use is ilegal. In consequence, we estimate, that the process of extradiction does not have value, since it doesn't form part of the criminal procedure against RICARDO MARTINELLI BERROCAL.

I declare, under the penalty of committing perjury, conforming the laws of the United States of America, that the information aforementioned is true and correct.

Submitted this Monday the nineteenth (19) day of the month of June of the year two thousand and seventeen (2017).

                                        ROBERTO J. MORENO, LL.M.
                                              Identity N. 8-280-162